THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61267-KMW

SANDRA CALDWELL, and
NANCY NEWBOLD,

    Plaintiffs

v.

TAMMY FISHER,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiffs, Sandra Caldwell and Nancy Newbold, sue Defendant, Tammy Fisher, and allege:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Sandra Caldwell and Nancy Newbold, invoke the Court's diversity jurisdiction under Title 28 U.S.C. § 1332 to litigate their maritime negligence claims against the vessel's bareboat charterer, Tammy Fisher, under the savings to suitors clause. This action involves citizens of different states and the amount in controversy exceeds $100,000.00.

2. Plaintiff, Sandra Caldwell, is a U.S. citizen who is domiciled in the State of California.

3. Plaintiff, Nancy Newbold, is a U.S. citizen who is domiciled in the State of California.

4. At all material times, Plaintiffs are married to each other.

5. Seychelles Limited, LLC ("Seychelles"), is a Wyoming limited liability company that maintains its principal place of business at 301 SW 1st Avenue, Suite 3325, Fort Lauderdale, Florida 33301.

6. Seychelles is admitted to conduct business in the State of Florida.

7. At all material times, Seychelles owns M/Y *Slip Away* (Ex: *Triple Net*), a 92-foot Monte Fino motor yacht bearing hull identification number MFY92615K001 and U.S. Coast Guard Official Number 1219930 (hereinafter referred to as either "*Triple Net*" or the "Vessel"). A copy of the U.S. Coast Guard National Vessel Documentation Center's abstract of title is attached hereto as Exhibit "1"; and a picture of *Triple Net* is attached hereto as Exhibit "2."

8. At all material times, *Triple Net* used a 2003 model 26-foot Regulator Marine motorboat bearing hull identification number DJI2679SB303 and Rhode Island registration number RI4080AY as its tender ("tender").

9. At all material times, the tender was marked "T/T Triple Net," which means "Tender to Triple Net". A picture of the port side of the tender that shows the marking "T/T Triple Net" is attached hereto as Exhibit "3"; and a picture taken from above showing the deck layout of the tender is attached hereto as Exhibit "4."

10. At all material times, Seychelles owns the tender.

11. Seychelles is a for-profit company that bareboat charters the Vessel, including the tender, for money.[1]

---

[1] A bareboat charter is also called a demise charter. A bareboat or demise charter is where the owner of the vessel completely and exclusively relinquishes possession, command and navigation of the vessel to the demise or bareboat charterer. *Reed v. S.S. Yaka*, 373 U.S. 410, 412 (1963); *Walker v. Braus,* 995 F.2d 77, 81 (5th Cir. 1993).

12. Defendant, Tammy Fisher ("Fisher"), is a U.S. citizen who is domiciled in the State of New York.

13. Defendant, Fisher, bareboat chartered *Triple Net*, including its tender, from Seychelles for the period commencing 12:00 PM, January 26, 2022 to 12:00 PM, February 2, 2022. A copy of the Bareboat Charter Agreement between Defendant, Fisher, and Seychelles is attached hereto as Exhibit "5" ("Agreement").[2]

14. Under the terms of the Agreement, Seychelles completely and exclusively relinquished possession, command and navigation of *Triple Net*, including the tender, to Defendant, Fisher.

15. Defendant, Fisher, was responsible for hiring a captain and crew to operate *Triple Net* and its tender during the bareboat charter.

16. In accordance with the terms of the Agreement, Defendant, Fisher, hired Hayden Smith to serve as captain and Robert Muller to serve as a crew member of *Triple Net* during the bareboat charter.

17. Mr. Muller did not have a U.S. Coast Guard master's license or Florida Boater ID Card during Fisher's bareboat charter.

18. Mr. Muller was not licensed, properly trained and/or experienced to operate *Triple Net's* tender during Fisher's bareboat charter.

19. Defendant, Fisher, invited her family, including Plaintiffs, to go on the Vessel for a family vacation.

---

[2] The Court has declared that the owner, Seychelles, bareboat chartered *Triple Net*, including the tender, to Defendant, Tammy Fisher, under the terms of the Agreement. See Report and Recommendations at ECF 41, pages 6 – 10, 12 – 17; and Order adopting the R & R at ECF 42. This ruling is now the law of the case.

20. On January 26, 2022, Caldwell and Newbold boarded *Triple Net* in Fort Lauderdale, Florida as Defendant, Fisher's, guests for the charter.

21. On January 31, 2022, *Triple Net* was at anchor on the navigable waters off of Key Biscayne, Florida.

22. Defendant, Fisher, decided to take her husband, Ken Fisher, and guests, Caldwell and Newbold, to Key Biscayne to see the island and pick up some supplies.

23. Defendant, Fisher, instructed Captain Smith to arrange transportation for her and her guests to Key Biscayne.

24. Captain Smith instructed crew member Mueller to use the tender to take the Fisher party to and from the Key Biscayne Yacht Club ("Yacht Club").

25. Defendant, Fisher, did not investigate or verify whether Muller was licensed, properly trained and/or experienced to operate *Triple Net's* tender before the boating incident.

26. Defendant, Fisher, did not require the tender to have a designated lookout for the trip to and from the Yacht Club.

27. Defendant, Fisher, did not require a safety briefing to make sure crew member Mueller and her guests were given appropriate safety instructions for the trip aboard the tender.

28. Mr. Mueller transported Defendant, Fisher, and her guests, including Plaintiffs, to the Yacht Club aboard the tender.

29. After seeing the island and picking up supplies, Defendant, Fisher, and her guests, including Plaintiffs, went back to the Yacht Club and boarded the tender to return to *Triple Net*.

30. During the return trip to *Triple Net* on the afternoon of January 31, 2022, Mueller was at the helm operating the tender, Caldwell and Newbold were seated in the bow section of the tender, and Defendant, Fisher, and her husband, Ken, were seated on the bench located immediately in front of the tender's center console. See Exhibit "4" which shows the layout of the tender's deck and Composite Exhibit "6" which shows the approximate location where everyone was located aboard the tender just before the incident.

31. While returning to *Triple Net* with Defendant, Fisher, and her guests on board, crew member Muller drove the tender at an unsafe speed and without maintaining a proper lookout.

32. At the time the tender was taking Defendant, Fisher, and Plaintiffs back to *Triple Net*, it was day light and the weather was clear.

33. An unidentified yacht, which created a large wake (a/k/a waves), passed by the tender as Defendant, Fisher, and Plaintiffs were returning to *Triple Net*.

34. Mr. Muller had time to reduce the tender's speed and/or alter its course to safely cross over and/or avoid the wake but he did not do so.

35. When the tender hit the unidentified yacht's wake, Caldwell and Newbold were thrown into the air and violently landed on the tender's deck and center console bench.

36. Ms. Caldwell sustained serious bodily injuries from the incident including, but not limited to, a burst fracture of the L4 vertebrae with 50% height loss and 6 mm bony retropulsion contributing to moderate to severe spinal canal stenosis with compression of nerve roots and thecal sac at that level.

37. Ms. Caldwell also sustained injuries including acute compression fractures of T6, T9 and T11 vertebrae and/or aggravation of pre-existing conditions of her thoracic spine.

38. Ms. Caldwell required an emergency laminectomy, an indirect decompression of the spinal cord and a lumbar fusion to treat her low back injuries as she was at great risk of paralysis.

39. Ms. Newbold sustained a closed head injury (concussion), sprained cervical spine, TMJ injury, injuries to her teeth, and injuries to her right knee, including a bone bruise, medial meniscus and horizontal meniscus tears.

40. As a bareboat charterer, Defendant, Fisher, is vicariously or technically liable for the fault or negligence of the *Triple Net's* captain and crew.

41. Defendant, Fisher, is also jointly and severally liable for Plaintiffs' damages under the general maritime law.

42. Plaintiffs have fulfilled or satisfied all conditions precedent for filing this lawsuit.

**COUNT I**
**SANDRA CALDWELL'S NEGLIGENCE CLAIM**
**AGAINST DEFENDANT, TAMMY FISHER**

43. Plaintiff, Sandra Caldwell, re-alleges paragraphs 1 through 38 and 40 through 42 of the Amended Complaint as if fully set forth herein.

44. Defendant, Fisher, owed a duty of reasonable care to crew and operate *Triple Net's* tender so it could be used to transport guests, including Caldwell, in a safe manner.

45. Defendant, Fisher, breached her duty of reasonable care to crew and/or operate the Vessel's tender due to one or more of the following acts or omissions:

a. Defendant, Fisher, did not provide a licensed, properly trained and/or experienced crew member to operate the tender;

b. Defendant, Fisher, did not provide or arrange for a proper lookout to assist the operator, Mueller, during the trip to and from the Yacht Club;

c. Defendant, Fisher, appointed or allowed crew member, Mueller, to operate the tender when he was not sufficiently trained or experienced to do so;

d. Defendant, Fisher, did not conduct a safety briefing before the subject trip aboard the tender so the operator, Mueller, and the guests on board would know how to deal with a large wake like the one involved in the incident;

e. Defendant, Fisher, did not arrange for the guests to be carried on separate trips aboard the tender so that Caldwell did not have to sit in the tender's bow while it was underway;

f. Defendant, Fisher, failed to adequately serve as a lookout and/or timely warn the operator, Mueller, so he could take appropriate action to avoid or safely cross over the large wake;

g. Defendant, Fisher, failed to give adequate orders to the operator, Mueller, to ensure he reduced the tender's speed so it passed safely over the large wake without injuring Caldwell;

    h. Defendant, Fisher, failed to give adequate orders to the operator, Mueller, so that he altered the tender's course to avoid the large wake and prevent Caldwell's injuries;

    i. Defendant, Fisher, did not warn Caldwell of the danger presented by the large wake or instruct her to move out of the tender's bow before the incident; and/or,

    j. Defendant, Fisher, did not investigate the qualifications of crew member Mueller to determine whether he was sufficiently trained and/or experienced to safely operate the tender.

46. Defendant, Fisher's, negligence or fault directly or proximately caused the tender to strike the large wake at an unsafe speed and resulted in Caldwell being thrown into the air and down violently on the tender's deck and sustain significant personal injuries.

47. As a direct and/or proximate result of Defendant, Fisher's, negligence or fault, Plaintiff, Caldwell, sustained serious personal injuries and damages.

48. Plaintiff, Caldwell's, damages include past and future medical expenses, past and future pain and suffering, past and future mental anguish, disfigurement, past and future loss of enjoyment of life, and other damages recoverable under the applicable maritime law.

49. Plaintiff, Caldwell, is entitled to recover her damages from Defendant, Fisher, because of Fisher's fault.

WHEREFORE, Plaintiff, Sandra Caldwell, demands the Court enter judgment against Defendant, Tammy Fisher, and award her compensatory damages, prejudgment interest, costs and such other relief the Court deems proper.

**COUNT II**
**SANDRA CALDWELL'S VICARIOUS LIABLITY CLAIM**
**AGAINST DEFENDANT, TAMMY FISHER**

50.   Plaintiff, Caldwell, re-alleges paragraphs 1 through 38 and 40 through 42 of the Amended Complaint as if fully set forth herein.

51.   As a bareboat or demise charterer, Defendant, Fisher, is vicariously or technically liable for the negligence of *Triple Net's* captain and/or crew concerning the manning and/or operation of the tender.

52.   The Vessel's/Fisher's captain and crew owed a duty of reasonable care to man and operate *Triple Net's* tender so the guests, including Caldwell, were transported to and from the Yacht Club in a safe manner.

53.   The Vessel's/Fisher's captain and/or crew breached their duty of reasonable care to crew and operate *Triple Net's* tender because of one or more of the following faults:

   a. Captain Smith did not appoint a properly licensed, trained and/or experienced person to operate the tender during the trip to and from the Yacht Club;

   b. Captain Smith did not appoint a person to serve as lookout on the tender during the trip to and from the Yacht Club;

   c. Captain Smith did not provide appropriate instructions to crew member Mueller about how to safely operate the tender during the trip to and from the Yacht Club;

    d. Captain Smith did not conduct a safety briefing for the guests before the tender trip to the Yacht Club;

    e. Captain Smith did not arrange for Defendant, Fisher, and her guests to be taken to and from the Yacht Club by separate trips so that Caldwell did not have to sit in the tender's bow;

    f. Crew member Mueller did not inform Defendant, Fisher, or Captain Smith that he was not licensed, properly trained, and/or sufficiently experienced to operate the tender safely;

    g. Crew member Mueller did not maintain an appropriate lookout while operating the tender;

    h. Crew member Mueller did not take appropriate or timely action to reduce the tender's speed so that it safely crossed over the wake;

    i. Crew member Mueller did not alter the tender's course to avoid hitting the large wake in a dangerous manner; and/or,

    j. Crew member Mueller did not warn the guests, including Caldwell, about the danger posed by the large wake or give them timely instruction to move out of the tender's bow to avoid being injured when the tender struck the wake.

54. As a direct and/or proximate result of Captain Smith's and/or crew member Mueller's negligence or fault, Plaintiff, Caldwell, sustained serious personal injuries and damages.

55. Defendant, Fisher, is vicariously or technically liable for Captain Mueller's and/or crew member Mueller's negligence or fault.

56. Plaintiff, Caldwell's, damages include past and future medical expenses; past and future pain and suffering; past and future mental anguish; disfigurement and/or scarring; past and future loss of enjoyment of life; and other damages recoverable under the applicable maritime law.

WHEREFORE, Plaintiff, Sandra Caldwell, demands the Court enter judgment against Defendant, Tammy Fisher, and award her compensatory damages, prejudgment interest, costs and such other relief the Court deems proper.

## COUNT III
## NANCY NEWBOLD'S NEGLIGENCE CLAIM AGAINST DEFENDANT TAMMY FISHER

57. Plaintiff, Nancy Newbold, re-alleges paragraphs 1 through 35 and 39 through 42 of the Amended Complaint as if fully set forth herein.

58. Defendant, Fisher, owed a duty of reasonable care to crew and operate *Triple Net's* tender so it could be used to transport guests, including Newbold, in a safe manner.

59. Defendant, Fisher, breached her duty of reasonable care to crew and/or operate the Vessel's tender due to one or more of the following acts or omissions:

   a. Defendant, Fisher, did not provide a licensed, properly trained and/or experienced crew member to operate the tender;

   b. Defendant, Fisher, did not provide or arrange for a proper lookout to assist the operator, Mueller, during the trip to and from the Yacht Club;

   c. Defendant, Fisher, appointed or allowed crew member, Mueller, to operate the tender when he was not sufficiently trained or experienced to do so;

d. Defendant, Fisher, did not conduct a safety briefing before the subject trip aboard the tender so the operator, Mueller, and the guests on board would know how to deal with a large wake like the one involved in the incident;

e. Defendant, Fisher, did not arrange for the guests to be carried on separate trips aboard the tender so that Newbold did not have to sit in the tender's bow while it was underway;

f. Defendant, Fisher, failed to adequately serve as a lookout and/or timely warn the operator, Mueller, so he could take appropriate action to avoid or safely cross over the large wake;

g. Defendant, Fisher, failed to give adequate orders to the operator, Mueller, to ensure he reduced the tender's speed so it passed safely over the large wake without injuring Newbold;

h. Defendant, Fisher, failed to give adequate orders to the operator, Mueller, so that he altered the tender's course to avoid the large wake and prevent Newbold's injuries;

i. Defendant, Fisher, did not warn Newbold of the danger presented by the large wake or instruct her to move out of the tender's bow before the incident; and/or,

j. Defendant, Fisher, did not investigate the qualifications of crew member Mueller to determine whether he was sufficiently trained and/or experienced to safely operate the tender.

60. Defendant, Fisher's, negligence or fault directly or proximately caused the tender to strike the large wake at an unsafe speed and resulted in Newbold being thrown into the air and down violently on the tender's deck/console bench and sustain significant personal injuries.

61. As a direct and/or proximate result of Defendant, Fisher's, negligence or fault, Plaintiff, Newbold, sustained serious personal injuries and damages.

62. Plaintiff, Newbold's, damages include past and future medical expenses, past and future pain and suffering, past and future mental anguish, disfigurement, past and future loss of enjoyment of life, and other damages recoverable under the applicable maritime law.

63. Plaintiff, Newbold, is entitled to recover her damages from Defendant, Fisher, because of Fisher's fault.

WHEREFORE, Plaintiff, Nancy Newbold, demands the Court enter judgment against Defendant, Tammy Fisher, and award her compensatory damages, prejudgment interest, costs and such other relief the Court deems proper.

## COUNT IV
## NANCY NEWBOLD'S VICARIOUS LIABLITY CLAIM
## AGAINST DEFENDANT TAMMY FISHER

64. Plaintiff, Nancy Newbold, re-alleges paragraphs 1 through 35 and 39 through 42 of the Amended Complaint as if fully set forth herein.

65. As a bareboat or demise charterer, Defendant, Fisher, is vicariously liable for the negligence of *Triple Net's* captain and/or crew concerning the manning and/or operation of the tender.

66. The Vessel's/Fisher's captain and crew owed a duty of reasonable care to man and operate *Triple Net's* tender so the guests, including Newbold, were transported to and from the Yacht Club in a safe manner.

67. The Vessel's/Fisher's captain and/or crew breached their duty of reasonable care to crew and operate *Triple Net's* tender because of one or more of the following faults:

   a. Captain Smith did not appoint a properly licensed, trained and/or experienced person to operate the tender during the trip to and from the Yacht Club;

   b. Captain Smith did not appoint a person to serve as lookout on the tender during the trip to and from the Yacht Club;

   c. Captain Smith did not provide appropriate instructions to crew member Mueller about how to safely operate the tender during the trip to and from the Yacht Club;

   d. Captain Smith did not conduct a safety briefing for the guests before the tender trip to the Yacht Club;

   e. Captain Smith did not arrange for Defendant, Fisher, and her guests to be taken to and from the Yacht Club by separate trips so that Newbold did not have to sit in the tender's bow;

   f. Crew member Mueller did not inform Defendant, Fisher, or Captain Smith that he was not licensed, properly trained, and/or sufficiently experienced to operate the tender safely;

   g. Crew member Mueller did not maintain an appropriate lookout while operating the tender;

    h. Crew member Mueller did not take appropriate or timely action to reduce the tender's speed so that it safely crossed over the wake;

    i. Crew member Mueller did not alter the tender's course to avoid hitting the large wake in a dangerous manner; and/or,

    j. Crew member Mueller did not warn the guests, including Newbold, about the danger posed by the large wake or give them timely instruction to move out of the tender's bow to avoid being injured when the tender struck the wake.

68. As a direct and/or proximate result of Captain Smith's and/or crew member Mueller's negligence or fault, Plaintiff, Newbold, sustained serious personal injuries and damages.

69. Defendant, Fisher, is vicariously or technically liable for Captain Mueller's and/or crew member Mueller's negligence or fault.

70. Plaintiff, Newbold's, damages include past and future medical expenses; past and future pain and suffering; past and future mental anguish; disfigurement and/or scarring; past and future loss of enjoyment of life; and other damages recoverable under the applicable maritime law.

WHEREFORE, Plaintiff, Nancy Newbold, demands the Court enter judgment against Defendant, Tammy Fisher, and award her compensatory damages, prejudgment interest, costs and such other relief the Court deems proper.

## **DEMAND FOR JURY TRIAL**

71. Plaintiffs, Sandra Caldwell and Nancy Newbold, demand a jury trial of all claims triable as of right under the savings to suitors clause.

Dated: April 8, 2024.

By: /s/ Farris J. Martin, III
FARRIS J. MARTIN, III.
Florida Bar No. 879916
JAMES W. STROUP
Florida Bar No. 842117
STROUP & MARTIN, P.A.
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 462-8808
E-Mail: fmartin@strouplaw.com
E-Mail: jstroup@strouplaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 8th day of April 2024 and that it is being served via CM/ECF on the counsel of record shown on the Service List.

By: /s/ Farris J. Martin, III
FARRIS J. MARTIN, III
Florida Bar No. 879916

## SERVICE LIST

Blairr B. Miller, Esq.
Trelvis D. Randolph, Esq
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Email: blairr.miller@qpwblaw.com
Email: trelvis.randolph@qpwblaw.com
Email: trandolph.pleadings@qpwblaw.com
Email: nicole.vasquez@qpwblaw.com