**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY**

**CASE NO.  0:23-cv-61267-KMW**

SANDRA CALDWELL and
NANCY NEWBOLD,

       Plaintiffs,

vs.

SEYCHELLES LIMITED, LLC, a
Florida limited liability company,
TAMMY FISHER, in personam, and
M/Y SLIP AWAY (EX: TRIPLE NET),
a 2000 model, 92-foot Monte Fino
Motor Yacht, bearing Hull Identification
Number MFY92615K001 and U.S. Coast
Guard Official Number 1219930, its
engines, tackle, furniture, furnishings,
personal watercraft, and appurtenances,
which includes a 2003 model 26-foot
Regulator Marine tender, in rem,

       Defendants.

_____/

TAMMY FISHER,

       Third-Party Plaintiff,

vs.

MAGNOLIA MARINE, LLC, a
dissolved Florida limited liability company,
HAYDEN C. SMITH, and ROBERT
MUELLER

       Third-Party Defendants.

_____/

## DEFENDANT/THIRD-PARTY PLAINTIFF TAMMY FISHER'S THIRD-PARTY COMPLAINT

COMES NOW the Third-Party Plaintiff, TAMMY FISHER, by and through her undersigned attorneys, and serves her Third-Party Complaint, and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Tammy Fisher invokes the Court's diversity jurisdiction under Title 28 U.S.C. § 1332.

2. Tammy Fisher invokes the Court's admiralty jurisdiction under Title 28 U.S.C. § 1333(1).

3. Tammy Fisher is a U.S. citizen and resident of the State of New York.

4. Third-Party Defendant, Magnolia Marine, LLC ("Magnolia"), was a Florida limited liability company that maintains its principal place of business at 531 NE 10th Avenue, Fort Lauderdale, FL 33301. Magnolia was voluntarily dissolved on April 29, 2023. *Please see Magnolia Marine, LLC's Articles of Dissolution, attached hereto as Exhibit "A".*

5. Third-Party Defendant, Hayden C. Smith, was the managing member of Magnolia Marine.

6. Hayden C. Smith was the captain of the *Triple Net* and its tender at all times relevant hereto.

7. Hayden C. Smith, as the captain of the *Triple Net* and its tender, was responsible for the operation of the *Triple Net* and its tender at all times relevant hereto.

8. Hayden C. Smith is a U.S. citizen and resident of the State of Florida.

9. Tammy Fisher chartered *Triple Net*, a vessel owned by Seychelles Limited, LLC ("Seychelles"), a Wyoming limited liability company with a principal place of business at 301 SW 1st Avenue, Suite 3325, Fort Lauderdale, Florida 33301, for the period commencing 12:00 PM, January 26, 2022, to 12:00 PM, February 2, 2022. *Please see the charter agreement, attached hereto as Exhibit "B".*

10. In addition to the charter agreement, a vessel services agreement was executed between Tammy Fisher; Hayden Smith, on behalf of Magnolia; Deb Pytko, on behalf of Denison

Yachting; and Tracy Gulbranson, on behalf of RJC Yacht Charters. *Please see the vessel services agreement, attached hereto as Exhibit "C".*

11. Magnolia provided the captain, Hayden C. Smith, and the crew members, which included Third-Party Defendant Robert Mueller.

12. Hayden Smith, as the captain of the *Triple Net* and its tender, as responsible for the operation of the *Triple Net* and its tender at all times material hereto.

13. Robert Mueller is a U.S. citizen and resident of the State of Florida.

14. Robert Mueller did not have a U.S. Coast Guard master's license and/or a Florida Boater ID Card during the subject charter.

15. On January 31, 2022, *Triple Net* was anchored in the navigable waters near Key Biscayne, Florida.

16. Tammy Fisher, Kenneth Fisher, Sandra Caldwell, and Nancy Newbold boarded the *Triple Net's* tender driven by Robert Mueller to travel from *Triple Net* to Key Biscayne Yacht Club.

17. Hayden C. Smith instructed Robert Mueller to drive the *Triple Net's* tender.

18. Robert Mueller drove Tammy Fisher, Kenneth Fisher, Sandra Caldwell, and Nancy Newbold in the tender to Key Biscayne Yacht Club.

19. After some time, Robert Mueller retrieved Tammy Fisher, Kenneth Fisher, Sandra Caldwell, and Nancy Newbold from the Key Biscayne Yacht Club in the *Triple Net's* tender.

20. While driving the tender from the Key Biscayne Yacht Club back to the *Triple Net*, Robert Mueller drove the tender at an unsafe speed and in a reckless manner.

21. Tammy Fisher, Kenneth Fisher, Sandra Caldwell, and Nancy Newbold instructed Robert Mueller to slow down and to drive the tender in a safe manner.

22. Robert Mueller failed to heed the warnings and requests of the passengers; including Defendant, Tammy Fisher.

23. A large unidentified yacht crossed in front of the tender, creating a large wake.

24. Robert Mueller, who continued driving the tender at an unsafe speed and in a reckless manner, steered the tender into the wake created by the unidentified yacht.

25. The tender entered into the wake, which caused injury to Tammy Fisher, Kenneth Fisher, Sandra Caldwell, and Nancy Newbold.

26. The Plaintiffs Sandra Caldwell and Nancy Newbold filed a negligence action against the Defendant Tammy Fisher seeking to recover monetary damages as a result of this boating accident.

27. In Count V of the Complaint, Sandra Caldwell sues Tammy Fisher for negligence.

28. In Count VI of the Complaint, Nancy Newbold sues Tammy Fisher for negligence.

29. Tammy Fisher denies the allegations of negligence in the complaint.

30. All conditions precedent have been satisfied or waived.

## COUNT I COMMON LAW INDEMNITY AGAINST THIRD-PARTY DEFENDANT MAGNOLIA

31. Tammy Fisher adopts and incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

32. At all times relevant hereto Magnolia provided the captain, Hayden C. Smith, and the crew, including crew member Robert Mueller.

33. The employees at all times relevant, were acting as agents of Magnolia and at all times relevant were acting in the course of the scope of their employment.

34. Magnolia through its employees/agents had a duty to Tammy Fisher to exercise reasonable care with respect to the operation of the *Triple Net* and its tender.

35. Magnolia through its employees/agents breached its duty of reasonable care to Tammy Fisher in the operation of the *Triple Net*'s tender.

36. As a result of Magnolia's breach of its duty of reasonable care with respect to the operation of the *Triple Net*'s tender, the tender entered a wake, causing injury to plaintiffs Sandra Caldwell and Nancy Newbold.

37. As a result of the accident caused by this breach of its duty, Plaintiffs Sandra Caldwell and Nancy Newbold filed the complaint against Tammy Fisher.

38. With respect to the tender accident, Tammy Fisher is wholly without fault and Magnolia was at fault for failing to exercise reasonable care in the operation of the *Triple Net* and its tender.

39. At all times material to the complaint, there existed a special relationship between Tammy Fisher and Magnolia where Tammy Fisher chartered the *Triple Net* and its tender owned by Seychelles and Magnolia provided the *Triple Net*'s captain and crew installed.

40. The special relationship between Tammy Fisher and Magnolia would make Tammy Fisher only vicariously, constructively, derivatively or technically liable for the wrongful acts of Magnolia.

41. If it is determined that Tammy Fisher is somehow liable to Plaintiffs Sandra Caldwell and Nancy Newbold for the damages alleged in the complaint, which are expressly denied by Tammy Fisher, then such liability derives in whole or in part from the wrongful acts of Magnolia; therefore, Tammy Fisher should have recovery over and against and be

indemnified by Magnolia pursuant to their special relationship for all such sums so recovered against Tammy Fisher inclusive of attorney's fees and court costs.

WHEREFORE, TAMMY FISHER demands judgment by way of common law indemnity arising from the special relationship over and against MAGNOLIA MARINE, LLC, including attorney's fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

## COUNT II CONTRIBUTION AGAINST THIRD-PARTY DEFENDANT MAGNOLIA

42. Tammy Fisher adopts and incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

43. Sandra Caldwell and Nancy Newbold sued Tammy Fisher for negligence, alleging that Tammy Fisher was responsible for the *Triple Net* tender accident and the Plaintiffs' damages.

44. Tammy Fisher has expressly denied liability for the incident resulting in the Plaintiffs' damages. However, should Tammy Fisher be found liable for the incident and resulting damages, Tammy Fisher is entitled to contribution from Magnolia to the extent of Magnolia's comparative fault for the damages assessed against Tammy Fisher by reason of Magnolia's liability in the operation of the *Triple Net* and its tender.

WHEREFORE, TAMMY FISHER demands judgment by way of contribution over and against MAGNOLIA MARINE, LLC, including attorney's fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

## COUNT III NEGLIGENT HIRING AGAINST THIRD-PARTY DEFENDANT MAGNOLIA

45. Tammy Fisher adopts and incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

46. Magnolia owed a duty to hire competent, safe, and careful crew members.

47. This duty included, but was not limited to, the duty to conduct an appropriate background investigation of the prospective crew members, including Robert Mueller.

48. An appropriate investigation would have shown that Robert Mueller did not possess a U.S. Coast Guard master's license and/or a Florida Boater ID Card.

49. An appropriate investigation would also have shown that Robert Mueller was not a competent, safe and careful crew member, and it was unreasonable for Defendant to hire Robert Mueller in light of the information that Magnolia knew or should have known.

50. Magnolia breached its duty in numerous ways including, but not limited to, by failing to conduct a reasonable background investigation of Robert Mueller, which would have demonstrated his unsuitability to operate a vessel.

51. The failure to hire competent, safe, and careful crew members and conduct an appropriate background check of prospective crew members created and/or allowed a foreseeable zone of risk posing a general threat of harm toward individuals utilizing their services.

52. Magnolia also breached its duty to Tammy Fisher in that once it created a foreseeable zone of risk, Magnolia failed to lessen the risk or failed to take any precautions to protect Tammy Fisher from the harm during the zone of risk posed.

53. As a result, the *Triple Net's* tender entered a wake, causing injury to Plaintiffs Sandra Caldwell and Nancy Newbold.

54. As a result of the accident caused by the breach of its duty, Plaintiffs Sandra Caldwell and Nancy Newbold filed the complaint against Tammy Fisher.

WHEREFORE, TAMMY FISHER demands judgment in her favor against MAGNOLIA MARINE, LLC, including attorney's fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

## COUNT IV COMMON LAW INDEMNITY AGAINST THIRD-PARTY DEFENDANT HAYDEN C. SMITH

55. Tammy Fisher adopts and incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

56. At all times relevant hereto Hayden C. Smith was the captain for the subject charter.

57. Hayden C. Smith instructed crew member Robert Mueller to drive the tender.

58. Robert Mueller operated the tender at an unsafe speed and in a reckless manner, which resulted in the alleged accident.

59. Hayden C. Smith had a duty to exercise reasonable care to Tammy Fisher with respect to the operation of the *Triple Net* and its tender.

60. Hayden C. Smith breached his duty of reasonable care to Tammy Fisher in the operation of the *Triple Net*'s tender through one or more of the following acts or omissions:

    A. Failed to ensure Robert Mueller was properly licensed to operate the *Triple Net's* tender;

    B. Failed to properly supervise Robert Mueller;

    C. Failed to ensure Robert Mueller followed the vessel operating policies and procedures;

    D. Failed to ensure Robert Mueller followed the boating regulations;

    E. Failed to ensure Robert Mueller followed safe speed protocols;

     F.   Failed to ensure the safety of the passengers of the *Triple Net's* tender.

61. As a result of Hayden C. Smith's breach of his duty of reasonable care with respect to the operation of the *Triple Net*'s tender, the tender entered a wake, causing injury to plaintiffs Sandra Caldwell and Nancy Newbold.

62. As a result of the accident caused by this breach of his duty, Plaintiffs Sandra Caldwell and Nancy Newbold filed the complaint against Tammy Fisher.

63. With respect to the tender accident, Tammy Fisher is wholly without fault and Hayden C. Smith was at fault for failing to exercise reasonable care in the operation of the *Triple Net* and its tender.

64. At all times material to the complaint, there existed a special relationship between Tammy Fisher and Magnolia where Tammy Fisher chartered the *Triple Net* and its tender owned by Seychelles and Hayden C. Smith was the *Triple Net*'s captain installed.

65. The special relationship between Tammy Fisher and Hayden C. Smith would make Tammy Fisher only vicariously, constructively, derivatively or technically liable for the wrongful acts of Hayden C. Smith.

66. If it is determined that Tammy Fisher is somehow liable to Plaintiffs Sandra Caldwell and Nancy Newbold for the damages alleged in the complaint, which are expressly denied by Tammy Fisher, then such liability derives in whole or in part from the wrongful acts of Hayden C. Smith; therefore, Tammy Fisher should have recovery over and against and be indemnified by Hayden C. Smith pursuant to their special relationship for all such sums so recovered against Tammy Fisher inclusive of attorney's fees and court costs.

WHEREFORE, TAMMY FISHER demands judgment by way of common law indemnity arising from the special relationship over and against HAYDEN C. SMITH, including attorney's

fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

### COUNT V CONTRIBUTION AGAINST THIRD-PARTY DEFENDANT HAYDEN C. SMITH

67. Tammy Fisher adopts and incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

68. Sandra Caldwell and Nancy Newbold sued Tammy Fisher for negligence, alleging that Tammy Fisher was responsible for the *Triple Net* tender accident and the Plaintiffs' damages.

69. Tammy Fisher has expressly denied liability for the incident resulting in the Plaintiffs' damages. However, should Tammy Fisher be found liable for the incident and resulting damages, Tammy Fisher is entitled to contribution from Hayden C. Smith to the extent of Hayden C. Smith's comparative fault for the damages assessed against Tammy Fisher by reason of Hayden C. Smith's liability in the operation of the *Triple Net* and its tender.

WHEREFORE, TAMMY FISHER demands judgment by way of contribution over and against HAYDEN C. SMITH, including attorney's fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

### COUNT VI FAILURE TO TRAIN AGAINST THIRD-PARTY DEFENDANT HAYDEN C. SMITH

70. Tammy Fisher adopts incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

71. Hayden C. Smith, as captain of the *Triple Net* and its tender, owed a duty to ensure that Robert Mueller was trained to be a competent, safe, and careful crew member. This duty

to train included but was not limited to the duty to train Robert Mueller to follow appropriate rules, in safety, and in the safe operation of vessels.

72. Hayden C. Smith breached his duty in numerous ways including, but not limited to:

    A. Failed to ensure Robert Mueller was adequately trained on vessel operating policies and procedures;

    B. Failed to ensure Robert Mueller was adequately trained on boating regulations;

    C. Failed to ensure Robert Mueller was adequately trained on safe speed protocols;

    D. Failed to ensure Robert Mueller was adequately trained on passenger safety.

73. Hayden C. Smith allowed Robert Mueller to operate the *Triple Net's* tender, even though Hayden C. Smith knew, or in the exercise of reasonable care should have known, that Robert Mueller was not a competent, safe, and careful crew member.

74. Hayden C. Smith created and/or allowed a foreseeable zone of risk posing a general threat of harm toward persons in the vicinity of Robert Mueller.

75. Hayden C. Smith also breached his duty to Tammy Fisher in that once he created a foreseeable zone of risk, Hayden C. Smith failed to lessen the risk or failed to take any precautions to protect Tammy Fisher from the harm the risk posed.

76. Hayden C. Smith's failure to properly train Robert Mueller to follow appropriate rules, in safety, and in the safe operation of vessels is an act of gross negligence that is virtually certain to lead to the severe injury or death of passengers of vessels that Robert Mueller operates.

77. Hayden C. Smith was supervising Robert Mueller and was aware, or through the exercise of reasonable care should have been aware, that Robert Mueller was operating the *Triple Net's* tender in an unsafe manner.

78. Hayden C. Smith failed to correct the above-mentioned actions in order to prevent harm to others.

79. As a result of Hayden C. Smith's breach of his duty of reasonable care with respect to the operation of the *Triple Net*'s tender, the tender entered a wake, causing injury to plaintiffs Sandra Caldwell and Nancy Newbold.

80. As a result of these injuries, Plaintiffs Sandra Caldwell and Nancy Newbold filed the complaint against Tammy Fisher.

WHEREFORE, TAMMY FISHER demands judgment in her favor against HAYDEN C. SMITH, including attorney's fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

## COUNT VII COMMON LAW INDEMNITY AGAINST THIRD-PARTY DEFENDANT ROBERT MUELLER

81. Tammy Fisher adopts and incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

82. At all times relevant hereto Robert Mueller was a crew member for the subject charter.

83. Robert Mueller operated the tender at an unsafe speed and in a reckless manner, which resulted in the alleged accident.

84. Robert Mueller had a duty to exercise reasonable care to Tammy Fisher with respect to the operation of the *Triple Net* and its tender.

85. Robert Mueller breached his duty of reasonable care to Tammy Fisher in the operation of the *Triple Net*'s tender.

86. As a result of Robert Mueller's breach of its duty of reasonable care with respect to the operation of the *Triple Net*'s tender, the tender entered a wake, causing injury to plaintiffs Sandra Caldwell and Nancy Newbold.

87. As a result of the accident caused by this breach of his duty, Plaintiffs Sandra Caldwell and Nancy Newbold filed the complaint against Tammy Fisher.

88. With respect to the tender accident, Tammy Fisher is wholly without fault and Robert Mueller was at fault for failing to exercise reasonable care in the operation of the *Triple Net* and its tender.

89. At all times material to the complaint, there existed a special relationship between Tammy Fisher and Robert Mueller where Tammy Fisher chartered the *Triple Net* and its tender owned by Seychelles, Robert Mueller was a crew member for the subject charter, and Robert Mueller drove the *Triple Net*'s tender.

90. The special relationship between Tammy Fisher and Robert Mueller would make Tammy Fisher only vicariously, constructively, derivatively or technically liable for the wrongful acts of Robert Mueller.

91. If it is determined that Tammy Fisher is somehow liable to Plaintiffs Sandra Caldwell and Nancy Newbold for the damages alleged in the complaint, which are expressly denied by Tammy Fisher, then such liability derives in whole or in part from the wrongful acts of Robert Mueller, and Tammy Fisher should have recovery over and against and be indemnified by Robert Mueller pursuant to their special relationship for all such sums so recovered against Tammy Fisher inclusive of attorney's fees and court costs.

WHEREFORE, TAMMY FISHER demands judgment by way of common law indemnity arising from the special relationship over and against ROBERT MUELLER, including attorney's fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

## COUNT VIII CONTRIBUTION AGAINST THIRD-PARTY DEFENDANT ROBERT MUELLER

92. Tammy Fisher adopts and incorporates by reference as if set forth in full herein the allegations in paragraphs 1 through 30.

93. Sandra Caldwell and Nancy Newbold sued Tammy Fisher for negligence, alleging that Tammy Fisher was responsible for the *Triple Net* tender accident and the Plaintiffs' damages.

94. Tammy Fisher has expressly denied liability for the incident resulting in the Plaintiffs' damages. However, should Tammy Fisher be found liable for the incident and resulting damages, Tammy Fisher is entitled to contribution from Robert Mueller to the extent of Robert Mueller's comparative fault for the damages assessed against Tammy Fisher by reason of Robert Mueller's liability in the operation of the *Triple Net* and its tender.

WHEREFORE, TAMMY FISHER demands judgment by way of contribution over and against ROBERT MUELLER, including attorney's fees and court costs in defending this matter in pursuing its Third-Party Complaint, together with any other further relief this court awards.

Dated this April 5, 2024                                        By: Blairr B. Miller, Esq.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 9th day of April, 2024, a true and accurate copy of the foregoing has been furnished by electronic mail (email) at designated email address: fmartin@strouplaw.com; istroup@strouplaw.com; - **Farris J. Martin III, Esq.** and **James W. Stroup, Esq.**, Stroup & Martin, P.A. 119 Southeast 12th Street, Fort Lauderdale, FL 33316, *Counsel for Plaintiff*, and we electronically filed the foregoing with this Court's CM/ECF docking system.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
Attorneys for TAMMY FISHER

9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161

By:  **_/s/ Blairr B. Miller**
Trelvis D. Randolph, Esq.
Florida Bar No.: 229260
trelvis.randolph@qpwblaw.com
Blairr B. Miller, Esq.
Florida Bar No.: 1025553
blairr.miller@qpwblaw.com
**Designated Email Addresses for Service of
Pleadings and Court Documents Only:**
Designated Primary Email:
trandolph.pleadings@qpwblaw.com
Designated Secondary Email:
nicole.vasquez@qpwblaw.com
blairr.miller@qpwblaw.com