IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:23-cv-61267-KMW

**"IN ADMIRALTY"**

SANDRA CALDWELL and
NANCY NEWBOLD,

    Plaintiffs,

vs.

SEYCHELLES LIMITED, LLC, a
Florida limited liability company,
TAMMY FISHER, *in personam*, and
M/Y SLIP AWAY (EX: TRIPLE NET),
a 2000 model, 92-foot Monte Fino
Motor Yacht, bearing Hull Identification
Number MFY92615K001 and U.S. Coast
Guard Official Number 1219930, its
engines, tackle, furniture, furnishings,
personal watercraft, and appurtenances,
which includes a 2003 model 26-foot
Regulator Marine tender, *in rem*,

    Defendants.
_____/

TAMMY FISHER,

    Third-Party Plaintiff,

vs.

MAGNOLIA MARINE, LLC, a
dissolved Florida limited liability company,
HAYDEN C. SMITH, and
ROBERT MUELLER,

    Third-Party Defendants.
_____/

### ROBERT MUELLER'S ANSWER & AFFIRMATIVE DEFENSES TO AMENDED THIRD-PARTY COMPLAINT

Third-Party Defendant, ROBERT MUELLER ("Mueller"), by and through his undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby files his Answer and Affirmative Defenses to the Amended Third-Party Complaint [DE 61] filed by Third-Party Plaintiff, TAMMY FISHER ("Fisher"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. DENIED.

2. ADMITTED that this action is within this Honorable Court's admiralty jurisdiction under Title 28 U.S.C. § 1333(1).

3. WITHOUT KNOWLEDGE.

4. WITHOUT KNOWLEDGE.

5. WITHOUT KNOWLEDGE.

6. ADMITTED.

7. DENIED.

8. WITHOUT KNOWLEDGE.

9. WITHOUT KNOWLEDGE.

10. WITHOUT KNOWLEDGE.

11. DENIED.

12. DENIED.

13. WITHOUT KNOWLEDGE.

14. WITHOUT KNOWLEDGE.

15. WITHOUT KNOWLEDGE.

16. ADMITTED that Mueller was and is a U.S. Citizen. DENIED that Mueller is a resident of Florida.

17. ADMITTED.

18. ADMITTED.

19. ADMITTED.

20. ADMITTED.

21. ADMITTED.

22. ADMITTED.

23. DENIED.

24. DENIED.

25. WITHOUT KNOWLEDGE.

26. WITHOUT KNOWLEDGE.

27. WITHOUT KNOWLEDGE.

28. WITHOUT KNOWLEDGE.

29. DENIED.

## COUNT I – COMMON LAW INDEMNITY
## AGAINST THIRD-PARTY DEFENDANT MAGNOLIA

Mueller makes no response to COUNT I as all the allegations are directed to Third-Party Defendant, Magnolia, only. To the extent a response is required by Mueller, the allegations of Paragraphs 30-40 are DENIED.

## COUNT II – CONTRIBUTION
## AGAINST THIRD-PARTY DEFENDANT MAGNOLIA

Mueller makes no response to COUNT II as the allegations are directed to Third-Party Defendant, Magnolia, only. To the extent a response is required by Mueller, the allegations of Paragraphs 41-43 are DENIED.

## COUNT III – NEGLIGENCE HIRING
## AGAINST THIRD-PARTY DEFENDANT MAGNOLIA

Mueller makes no response to COUNT III as the allegations are directed to Third-Party Defendant, Magnolia, only. To the extent a response is required by Mueller, the allegations of Paragraphs 44-53 are DENIED.

### COUNT IV – COMMON LAW INDEMNITY
### AGAINST THIRD-PARTY DEFENDANT HAYDEN C. SMITH

Mueller makes no response to COUNT IV as the allegations are directed to Third-Party Defendant, Hayden C. Smith, only. To the extent a response is required by Mueller, the allegations of Paragraphs 54-65 are DENIED.

### COUNT V – CONTRIBUTION
### AGAINST THIRD-PARTY DEFENDANT HAYDEN C. SMITH

Mueller makes no response to COUNT VI as the allegations are directed to Third-Party Defendant, Hayden C. Smith, only. To the extent a response is required by Mueller, the allegations of Paragraphs 66-68 are DENIED.

### COUNT VI – FAILURE TO TRAIN
### AGAINST THIRD-PARTY DEFENDANT HAYDEN C. SMITH

Mueller makes no response to COUNT VI as the allegations are directed to Third-Party Defendant, Hayden C. Smith, only. To the extent a response is required by Mueller, the allegations of Paragraphs 69-79 are DENIED.

### COUNT VII – COMMON LAW INDEMNITY
### AGAINST THIRD-PARTY DEFENDANT ROBERT MUELLER

80. Mueller re-asserts his responses to Paragraphs 1-29 above.

81. ADMITTED.

82. DENIED.

83. DENIED.

84. DENIED.

85. DENIED.

86. DENIED.

87. DENIED.

88. DENIED.

89. WITHOUT KNOWLEDGE.

90.     DENIED.

## COUNT VIII – CONTRIBUTION
## AGAINST THIRD-PARTY DEFENDANT ROBERT MUELLER

91.     Mueller re-asserts his responses to Paragraphs 1-29 above.

92.     WITHOUT KNOWLEDGE.

93.     DENIED.

## COUNT IX – COMMON LAW INDEMNITY
## AGAINST THIRD-PARTY DEFENDANT FIVE MILE RIVER CAPITAL, LLC

Mueller makes no response to COUNT IX as the allegations are directed to Third-Party Defendant, Five Mile River Capital, LLC, only. To the extent a response is required by Mueller, the allegations of Paragraphs 94-104 are DENIED.

## COUNT X – CONTRIBUTION
## AGAINST THIRD-PARTY DEFENDANT FIVE MILE RIVER CAPITAL, LLC

Mueller makes no response to COUNT X as the allegations are directed to Third-Party Defendant, Five Mile River Capital, LLC, only. To the extent a response is required by Mueller, the allegations of Paragraphs 105-107 are DENIED.

## AFFIRMATIVE DEFENSES

For its First Affirmative Defense, Mueller asserts that the negligence, actions and/or omissions of the Plaintiffs were the sole and proximate cause of any and all injuries or damages as alleged in the underlying Complaint, and as such, the Plaintiffs' right to recovery is either barred or shall be reduced pursuant to the doctrine of comparative negligence.

For its Second Affirmative Defense, Mueller asserts that Plaintiffs knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as the result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed themself to the danger.

For its Third Affirmative Defense, Mueller avers that he would be entitled to a set-off, off-set, and or reduction for any and all collateral source benefits either paid or payable to the Plaintiffs, if Plaintiffs were entitled to recover on their claim (which Defendant denies).

For its Fourth Affirmative Defense, Mueller asserts that the Plaintiffs' injuries, if any, are the result of pre-existing conditions or injuries which were not aggravated by the subject incident. Alternatively, if any pre-existing condition or injury was aggravated by the subject incident, the Plaintiffs are only entitled to recovery for the degree of aggravation, and any recovery they obtain herein must be limited to the percentage of aggravation they suffered as a result of the subject incident.

For its Fifth Affirmative Defense, Mueller asserts the Third-Party Complaint fails to state a claim for Common Law Indemnity (Count VII) because there was no "special relationship."

For its Sixth Affirmative Defense, Mueller asserts that the alleged dangerous condition was created by Plaintiff and/or an open and obvious condition that should have been observed by the Plaintiff through the ordinary use of their senses.

For its Seventh Affirmative Defense, Mueller asserts that Third-Party Plaintiff has failed to state a claim upon which relief can be granted against Mueller under the standard of care required by the general maritime law of the United States.

For its Eighth Affirmative Defense, Defendant asserts that Third-Party Plaintiff's own acts of negligence caused or contributed to Plaintiffs' alleged injuries.

For its Ninth Affirmative Defense, Mueller asserts that the Plaintiffs failed to mitigate their damages, if any, thus precluding or diminishing their recovery herein to the extent such mitigation would have diminished or avoided Plaintiffs' alleged losses and injuries.

**Mueller reserves the right to supplement and/or amend its Affirmative Defenses as more facts become known through discovery.**

Respectfully submitted this 28th day of May 2024,

By: */s/ Gino J. Butto*
    **Gino J. Buttó, Esq.**
    Fla. Bar No.: 98462
    gbutto@NauticalLawyers.com
    **F. David Famulari, Esq.**
    Fla. Bar. No.: 0860506
    dfamulari@NauticalLawyers.com
    **Samuel C. Higginbottom, Esq.**
    SCH@NauticalLawyers.com
    Fla. Bar No.: 84266
    FAMULARI, BUTTO & HIGGINBOTTOM, PLLC
    2332 Galiano Street 2nd Floor
    Coral Gables, FL 33134
    Phone: (305) 728-7082

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Gino J. Buttó*
    **Gino J. Buttó, Esq.**
    Fla. Bar No.: 98462