UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO: 0:23-61267-KMW

SANDRA CALDWELL and NACY NEWBOLD,

        Plaintiffs,

vs.

SEYCHELLES LIMITED, LLC, a Florida limited liability company, TAMMY FISHER, in personam, and
M/Y SLIP AWAY (EX: TRIPLE NET), a 200 model, 92-foot Monte Fino Motor Yacht, bearing Hull Identification Number MFY92615K001 and U.S. Coast Guard Official Number 1219930, its engines, tackle, furniture, furnishings, personal watercraft, and appurtenances, which includes a 2003 model 26-foot Regulator Marine tender, in rem,

        Defendants.
_____/

TAMMY FISHER

        Third-Party Plaintiff,

vs.

MAGNOLIA MARINE, LLC, a dissolved Florida limited liability company, HAYDEN C. SMITH, and ROBERT MUELLER

        Third-Party Defendants.
_____/

**ANSWER, CROSS-CLAIMS and AFFRIMATIVE DEFENSES**

Third-Party Defendants, HAYDEN C. SMITH and MAGNOLIA MARINE, LLC by and through their undersigned counsel, files their Answer, Affirmative Defenses AND cross-claims against Cross-defendants ROBERT MUELLER and SEYCHELLES LIMITED, LLC, to

1

Defendant/Third-Party Plaintiff TAMMY FISHER's Third-Party Complaint dated April 9, 2024 and would state:

### Answer

1. Defendants are unaware of any facts supporting the allegations in paragraph 1, therefore they are denied and strict proof demanded thereof.

2. Defendants are unaware of any facts supporting the allegations in paragraph 2, therefore they are denied and strict proof demanded thereof.

3. Defendants are unaware of any facts supporting the allegations in paragraph 3, therefore they are denied and strict proof demanded thereof.

4. Allegations in paragraph 4 are admitted.

5. Allegations in paragraph 5 are admitted.

6. Allegations in paragraph 6 are denied.

7. Allegations in paragraph 7 are denied.

8. Allegations in paragraph 8 are admitted.

9. Allegations in paragraph 9 are admitted.

10. Defendants admit the allegations in paragraph 10 to the extent that these documents exist, however Defendants deny writing them, deny any knowledge of their contents.

11. Allegations in paragraph 11 are denied.

12. Allegations in paragraph 12 are denied.

13. Defendant has no knowledge of the allegations in paragraph 13, therefore they are denied and strict proof demanded thereof.

14. Allegations in paragraph 14 are denied.

15. Allegations in paragraph 15 are admitted.

16. Allegations in paragraph 16 are admitted.

17. Allegations in paragraph 17 are denied.

18. Allegations in paragraph 18 are admitted.

19. The allegations in paragraph 19 are admitted.

20. Defendants have no knowledge of the allegations in paragraph 20 and therefore they are denied, and strict proof demanded thereof.

21. Defendants have no knowledge of the allegations in paragraph 21 and therefore they are denied, and strict proof demanded thereof.

22. Defendants have no knowledge of the allegations in paragraph 22 and therefore they are denied, and strict proof demanded thereof.

23. Defendants have no knowledge of the allegations in paragraph 23 and therefore they are denied, and strict proof demanded thereof.

24. Defendants have no knowledge of the allegations in paragraph 24 and therefore they are denied, and strict proof demanded thereof.

25. Defendants have no knowledge of the allegations in paragraph 25 and therefore they are denied, and strict proof demanded thereof.

26. Allegations in paragraph 26 are admitted.

27. Allegations in paragraph 27 are admitted.

28. Allegations in paragraph 28 are admitted.

29. Defendants have no knowledge of the allegations in paragraph 29, therefore they are denied and strict proof demanded thereof.

30. Defendants have no knowledge of the allegations in paragraph 30, therefore they are denied and strict proof demanded thereof.

Count I – against MAGNOLIA

31. No response is required to paragraph 31.

32. Allegations in paragraph 32 are denied. The captain and crew were hired by, and paid by the vessel owner, SEYCHELLES LIMITED, LLC.

33. Allegations in paragraph 33 are denied. At all times material, the captain and crew were hired by, and paid by the vessel owner, SEYCHELLES LIMITED, LLC.

34. Allegations in paragraph 34 are denied.

35. Allegations in paragraph 35 are denied.

36. Allegations in paragraph 36 are denied.

37. Defendants have no knowledge of the allegations in paragraph 37, therefore they are denied and strict proof demanded thereof.

38. Allegations in paragraph 38 are denied.

39. Allegations in paragraph 39 are denied.

40. Allegations in paragraph 40 are denied.

41. Allegations in paragraph 41 are denied.

Count II – against MAGNOLIA

42. No response is required to paragraph 42.

43. Allegations in paragraph 43 are admitted.

44. Allegations in paragraph 44 are denied.

Count III – against MAGNOLIA

45. No response is required for paragraph 45.

46. Allegations in paragraph 46 are denied.

47. Allegations in paragraph 47 are denied. Magnolia did not hire Robert Mueller, the vessel owner did, Defendant SEYCHELLES LIMITED, LLC.

48. Defendants have no knowledge of the allegations in paragraph 48, therefore they are denied and strict proof demanded thereof. Upon information and belief, the vessel owner reviewed Robert Mueller's qualifications when it hired him as crew for the vessel.

49. Allegations in paragraph 49 are denied.

50. Allegations in paragraph 50 are denied.

51. Allegations in paragraph 51 are denied.

52. Allegations in paragraph 52 are denied.

53. Allegations in paragraph 53 are denied.

54. Allegations in paragraph 54 are denied.

Count IV – against SMITH

55. No response is required to paragraph 55.

56. Allegations in paragraph 56 are admitted.

57. Allegations in paragraph 57 are denied.

58. Defendants have no knowledge of the allegations in paragraph 58, therefore they are denied and strict proof demanded thereof.

59. Allegations in paragraph 59 are denied.

60. Allegations in paragraph 60 and all of its subparts, are denied.

61. Allegations in paragraph 61 are denied.

62. Allegations in paragraph 62 are denied.

63. Allegations in paragraph 63 are denied.

64. Allegations in paragraph 64 are vague and unintelligible, and are therefore denied.

65. Allegations in paragraph 65 are denied.

66. Allegations in paragraph 66 are denied.

Count V – against SMITH

67. No response is required to paragraph 67.

68. Allegations in paragraph 68 are admitted.

69. Allegations in paragraph 69 are denied.

Count VI – against SMITH

70. No response is required for paragraph 70.

71. Allegations in paragraph 71 are denied. ROBERT MUELLER was hired by the vessel owner, Defendant SEYCHELLES LIMITED, LLC, and not by Defendant HAYDEN SMITH.

72. Allegations in paragraph 72 and its subparts are denied.

73. Allegations in paragraph 73 are denied.

74. Allegations in paragraph 74 are denied.

75. Allegations in paragraph 75 are denied.

76. Allegations in paragraph 76 are denied.

77. Allegations in paragraph 77 are denied.

78. Allegations in paragraph 78 are denied.

79. Allegations in paragraph 79 are denied.

80. Defendants have no knowledge of the allegations in paragraph 80, therefore they are denied and strict proof demanded thereof.

Count VII – against MUELLER

81. Allegations in paragraphs 81 through 91 are directed at another Defendant, therefore no response is required.

Count VIII – against MUELLER

92. Allegations in paragraphs 92 through 94 are directed at another Defendant, therefore no response is required.

**Defenses and Affirmative Defenses**

1. Any liability based on the alleged Vessel Services Agreement (attached as Exhibit C to the Third Pary Complaint, DE 51) is invalid and unenforceable. Exhibit C is a fiction. It was created in order for the vessel owner SEYCHELLES LIMITED, LLC to disguise the charter as a "bare-boat charter" when in fact it was a crewed charter. The charterer was never given an option to pick its own crew. At all times, crew member ROBERT MUELLER was hired by and paid directly by SEYCHELLES LIMITED, LLC, through its representative Chris Gill. Foreign built vessels, such as the M/Y SLIP AWAY, are not allowed to conduct crewed charters in U.S. waters by the Jones Act and by U.S. Coast Guard regulations. Exhibit C was executed under duress, as it was procured at the direction of the employer and vessel owner SEYCHELLES LIMITED, LLC.

2. Any injuries were the result of the negligence of third parties over whom these Third-Party defendants had no control. Specifically, the negligence of Third-party plaintiff, ROBERT MUELLER and SEYCHELLES LIMITED, LLC, and no others.

3. These Cross-defendants are entitled to a set-off for any settlement or award obtained by the Plaintiffs from any other person or entity, as provided by Florida law.

4. Third-party plaintiff is the sole legal cause of the injuries alleged in the Complaint and, therefore, the Plaintiff is barred from recovery as a matter of law. Alternatively, the Plaintiff was comparatively negligent and any recovery in favor of the Plaintiff must be reduced by the percentage of negligence attributable to the Plaintiff.

5. Although these Third-Party defendants have denied liability, any liability found on the part of them and any damages awarded in favor of the Plaintiff are subject to the comparative fault provisions of Florida Statute Section 768.81. Further, pursuant to <u>Fabre v. Marin</u>, 623 So. 2d 1182 (Fla. 1993); <u>Allied-Signal, Inc. v. Fox</u>, 623 So. 2d 1180 (Fla. 1993); and <u>Messmer v. Teacher's Insurance Co.</u>, 588 So.2d 610 (Fla. 5th DCA 1991), any damages awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants in the accident.

**Demand for Jury Trial**

Third-Party defendants demand a trial by jury for all issues so triable as a matter of right.

**CROSS-CLAIM AGAINST DEFENDANTS ROBERT MUELLER AND SEYCHELLES LIMITED, LLC**

Cross-plaintiffs HAYDEN C. SIMTH and MAGNOLIA MARINE, LLC sue Cross-defendants ROBERT MUELLER and SEYCHELLES LIMITED, LLC and would state:

**Parties, Jurisdiction and Venue**

1. Cross-plaintiffs HAYDEN C. SIMTH and MAGNOLIA MARINE, LLC and Cross-Defendants ROBERT MUELLER and SEYCHELLES LIMITED, LLC are currently parties in the case. This court has supplemental jurisdiction over the foregoing Florida state law claims pursuant to 28 U.S.C. § 1367.

**Factual Background**

2. Cross-plaintiffs HAYDEN SMITH and MAGNOLIA MARINE, LLC were hired to captain the M/Y SLIP AWAY by vessel owner, Cross-defendant SEYCHELLES LIMITED, LLC in early January 2022, just a couple of weeks before the injury incident alleged in the original Complaint.

3. Several months prior, sometime in August or September 2021, crew member Cross-defendant ROBERT MUELLER was hired by SEYCHELLES LIMITED, LLC to crew the M/Y SLIP AWAY.

4. In other words, when Cross-plaintiff HAYDEN SMITH was hired, Cross-defendant SEYCHELLES LIMITED, LLC had already hired and employed Cross-defendant ROBERT MUELLER as crew for several months.

5. At the time HAYDEN SMITH was hired as captain, Chris Gill, a vessel owner acting for SEYCHELLES LIMITED, LLC, told him that ROBERT MUELLER had his Florida boat operator's license.

6. At all times material, crew member ROBERT MUELLER was hired by SEYCHELLES LIMITED, LLC, was paid by SEYCHELLES LIMITED, LLC and was employed by SEYCHELLES LIMITED, LLC.

6. At all times material, Cross-defendant ROBERT MUELLER was an employee of vessel owner SEYCHELLES LIMITED, LLC and not MAGNOLIA MARINE, LLC or HAYDEN SMITH. Moreover, ROBERT MUELLER never received any payment, nor was due any payment from MAGNOLIA MARINE, LLC or HAYDEN SMITH.

7. The Vessel Services Agreement attached to the Third-Party Complaint as Exhibit C is a fiction. The document was not drafted or reviewed by MAGNOLIA MARINE, LLC or HAYDEN SMITH. It was a document the vessel owner, SEYCHELLES LIMITED, INC. forced HAYDEN SMITH to sign in order for the vessel owner to charter the vessel and avoid U.S. Coast Guard regulations restricting crewed charters of foreign built vessels in U.S. waters. (Monte Fino yachts are built in Tiawan).

## Count I – Common Law Indemnity against ROBERT MUELLER and SEYCHELLES LIMITED, LLC

8. Cross-plaintiffs re-allege and incorporate herein parties, jurisdiction and venue in paragraph 1, and the factual background in paragraphs 2 through 7 above.

9. On or about January 31, 2022 charter guests (the Plaintiffs) were injured when the tender vessel they were riding in hit some waves at high speed. Cross-defendant ROBERT MUELLER, a SEYCHELLES LIMITED, LLC employee, was driving the tender vessel at the time.

10. At all times material ROBER MUELLER had a duty to operate the tender vessel in a reasonable manner so as not to cause harm to his passengers.

11. At all times material, employer and vessel owner SEYCHELLES LIMITED, LLC had a duty to hire and employ qualified crew members to crew the yacht and to run the tender vessel.

12. Cross-defendant ROBERT MUELLER breached his duty by a) failing to instruct his passengers to sit further back in the vessel, rather than the bow which is the most dangerous spot in rough water, b) by failing to slow down when approaching wake from another vessel, c) by failing to take appropriate counter measures in light of excess wake from a nearby vessel and other negligence.

11. Cross-defendant SEYCHELLES LIMTED, LLC, acting through its representative Chris Gill, had a duty to hire reasonably competent yacht crew.

12. Cross-defendant SEYCHELLES, LLC breached its duty by a) failing to acquire the boating license of crew member ROBERT MUELLER and check its expiration date, b) by failing to properly train crew member ROBERT MUELLER in tender vessel operation, and other negligence.

13. As a direct, proximate and sole result of the negligence of Cross-defendants ROBERT MUELLER and SEYCHELLES LIMITED, LLC, the Plaintiffs were injured.

10

14. Cross-plaintiffs HAYDEN SMITH and MAGNOLIA MARINE, LLC have no fault in the matter. They were not on the tender vessel at the time. They did not hire crew member ROBERT MUELLER and did not receive copies of his qualifications. They were not responsible for paying ROBERT MUELLER.

15. Cross-plaintiffs HAYDEN SMITH and MAGNOLIA MARINE, LLC reasonably relied on vessel owner Chris Gill's of SEYCHELLES LIMITED, LLC representation that ROBERT MUELLER had appropriate credentials for driving the tender vessel.

16. Cross-plaintiffs HAYDEN SMITH and MAGNOLIA MARINE, LLC have been sued in the underlying Third-Party Complaint for indemnity, contribution and negligent hiring. If Cross-plaintiffs are found liable to the injured parties, it will only be vicarious, constructive, derivative or technically liable from the wrongful, negligent acts of ROBET MUELLER and/or SEYCHELLES LIMITED, LLC.

WHEREFORE, Cross-plaintiffs HAYDEN SMITH and MAGNOLIA MARINE, LLC respectfully request judgement in their favor and against Cross-defendants ROBET MUELLER and/or SEYCHELLES LIMITED, LLC for indemnity for any judgment against Cross-plaintiffs in the underlying action. And demand a trial by jury for all issues so triable.

Respectfully submitted May 28, 2024

David E. Irwin, Esq.
Irwin Law Firm
*Attorney for Third-Party defendants HS and MM*
205 SW 12th Street
Fort Lauderdale, FL 33315
Telephone: (954) 775-2301
Email: david@irwinlegal.com

By: __/S/_ David E. Irwin_____
    DAVID E. IRWIN, ESQ.
    Florida Bar No.: 708771

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the court's CM/ECF filing system this 28th day of May, 2024, which will serve all Parties currently appearing in the case.

_____/**S**/_____
David E. Irwin, Esq.
FBN: 708771

Irwin Law Firm
*Attorney for Third-Party defendants HS and MM*
205 SW 12th Street
Fort Lauderdale, FL 33315
Telephone: (954) 775-2301
Email: david@irwinlegal.com