IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:23-cv-61267-KMW

**"IN ADMIRALTY"**

SANDRA CALDWELL and
NANCY NEWBOLD,

      Plaintiffs,
vs.

SEYCHELLES LIMITED, LLC, a
Florida limited liability company,
TAMMY FISHER, *in personam*, and
M/Y SLIP AWAY (EX: TRIPLE NET),
a 2000 model, 92-foot Monte Fino
Motor Yacht, bearing Hull Identification
Number MFY92615K001 and U.S. Coast
Guard Official Number 1219930, its
engines, tackle, furniture, furnishings,
personal watercraft, and appurtenances,
which includes a 2003 model 26-foot
Regulator Marine tender, *in rem*,

      Defendants.
_____/

TAMMY FISHER,

      Third-Party Plaintiff,
vs.

MAGNOLIA MARINE, LLC, a
dissolved Florida limited liability company,
HAYDEN C. SMITH, and
ROBERT MUELLER,

      Third-Party Defendants.
_____/

**ROBERT MUELLER'S ANSWER & AFFIRMATIVE DEFENSES
TO MAGNOLIA MARINE, LLC, AND HAYDEN C. SMITH'S CROSSCLAIM**

Page **1** of **4**

Third-Party Defendant, ROBERT MUELLER ("Mueller"), by and through his undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby files his Answer and Affirmative Defenses to the Crossclaim [DE 70] filed by Third-Party Defendants, HAYDEN C. SMITH and MAGNOLIA MARINE, LLC, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. DENIED.

### FACTUAL BACKGROUND

2. WITHOUT KNOWLEDGE.

3. ADMITTED.

4. ADMITTED.

5. DENIED.

6. ADMITTED.

6.[1] DENIED.

7. WITHOUT KNOWLEDGE.

### COUNT I – COMMON LAW INDEMNITY AGAINST ROBERT MUELLER AND SEYCHELLES LIMITED, LLC

8. Mueller re-asserts his responses to Paragraphs 1-7 above.

9. DENIED.

10. DENIED.

11. WITHOUT KNOWLEDGE.

12. DENIED.

11.[2] DENIED.

12. DENIED.

---

[1] The Crossclaim [DE 70] mistakenly has two paragraphs numbered "6."
[2] The Crossclaim [DE 70] also mistakenly has two sets of paragraphs "11" and "12".

13. DENIED.

14. DENIED.

15. DENIED.

16. DENIED.

## **AFFIRMATIVE DEFENSES**

For its First Affirmative Defense, Mueller asserts that HAYDEN C. SMITH and MAGNOLIA MARINE, LLC fail to state a claim for Common Law Indemnity because there was no "special relationship."

For its Second Affirmative Defense, Muller asserts that HAYDEN C. SMITH and MAGNOLIA MARINE, LLC cannot recover Common Law Indemnity because they caused and/or contributed to the underlying incident, especially considering the primary duty doctrine.

For its Third Affirmative defense, Mueller asserts that all claims related the underlying incident should be governed by the General Maritime Law of the United States, not Florida as alleged in the subject Crossclaim [DE 70].

For its Fourth Affirmative defense, Mueller asserts that he acted with reasonable care in the navigation and operation of the vessel and is, therefore, without fault for the underlying incident.

**Mueller reserves the right to supplement and/or amend its Affirmative Defenses as more facts become known through discovery.**

Respectfully submitted this 18th day of June 2024,

By: */s/ Gino J. Butto*
    **Gino J. Buttó, Esq.**
    Fla. Bar No.: 98462
    gbutto@NauticalLawyers.com
    **F. David Famulari, Esq.**
    Fla. Bar. No.: 0860506
    dfamulari@NauticalLawyers.com
    **Samuel C. Higginbottom, Esq.**
    SCH@NauticalLawyers.com
    Fla. Bar No.: 84266
    FAMULARI, BUTTO & HIGGINBOTTOM, PLLC
    2332 Galiano Street 2nd Floor
    Coral Gables, FL 33134
    Phone: (305) 728-7082

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Gino J. Buttó*
    **Gino J. Buttó, Esq.**
    Fla. Bar No.: 98462