## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:23-CV-61267-WILLIAMS/AUGUSTIN-BIRCH

**SANDRA CALDWELL and NANCY NEWBOLD,**

      **Plaintiffs,**

**v.**

**SEYCHELLES LIMITED, LLC,** *et al.*,

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT
## SEYCHELLES LIMITED, LLC's MOTION FOR ATTORNEY'S FEES

      This cause comes before the Court on Defendant Seychelles Limited, LLC's Motion for Attorney's Fees. DE 60. The Honorable Kathleen M. Williams, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. DE 68. Defendant Tammy Fisher filed a response, DE 66, and Defendant Seychelles filed a reply. DE 67. The Court permitted Defendant Fisher to file a surresponse to address Defendant Seychelles' entitlement to attorney's fees in light of recent case developments, DE 82, but Defendant Fisher did not file a surresponse. Having carefully considered the briefing and the record and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Defendant Seychelles' Motion for Attorney's Fees [DE 60].

### I. Background

      After allegedly sustaining injuries while on board the tender of a yacht,[1] Plaintiffs Sandra Caldwell and Nancy Newbold sued Defendant Seychelles, the owner of the yacht and tender, and

_____

[1] A tender is a smaller boat used to service a larger vessel, such as a yacht.

Defendant Fisher, the charterer of the yacht and tender. DE 1. Defendant Fisher responded to Plaintiffs' Complaint by filing an answer, which raised cross-claims of indemnity and contribution against Defendant Seychelles. DE 19 at 10–14. In response to Plaintiffs' Complaint and Defendant Fisher's cross-claims, Defendant Seychelles filed a motion to dismiss Plaintiffs' Complaint and a motion to dismiss Defendant Fisher's cross-claims. DE 15; DE 28. In these motions, Defendant Seychelles contended that the type of charter agreement that Defendant Fisher executed meant it had no liability for any of Plaintiffs' or Defendant Fisher's claims. *See* DE 15; DE 28. Judge Williams granted both of Defendant Seychelles' motions to dismiss and dismissed Plaintiffs' and Defendant Fisher's claims against Defendant Seychelles with prejudice. DE 42. Subsequently, Defendant Seychelles filed the present Motion for Attorney's Fees, seeking to recover $113,502.57 in attorney's fees and costs from Defendant Fisher pursuant to the parties' charter agreement. DE 60.

**II. Defendant Seychelles is Entitled to Recover Reasonable Attorney's Fees and all of its Costs from Defendant Fisher**

Defendant Fisher executed a "Recreational Bareboat Charter Agreement" ("Charter Agreement") with Defendant Seychelles, DE 27-1, and Defendant Seychelles maintains that this Charter Agreement entitles it to recover its attorney's fees and costs from Defendant Fisher.[2] DE 60 at 6. The relevant attorney's fees and costs provision of the Charter Agreement is as follows:

> In any arbitration or litigation arising out of or in connection with this Agreement, the prevailing party will be entitled to recover from the non-prevailing party or parties . . . reasonable attorneys' fees (including paralegal fees), court costs, and all other expenses incurred in such arbitration or litigation by the prevailing party, even if not taxable as court costs, including, without limitation, all fees, costs, and expenses incident to appeals. For purposes of this Clause 26, a party will be considered the "prevailing party" to the extent that (i) such party initiated the proceedings and substantially obtained the relief it sought, whether by award, judgment, or voluntary agreement; (ii) such party did not initiate the proceedings

---

[2] Plaintiffs were not a party to the Charter Agreement, and Defendant Seychelles does not seek to recover attorney's fees or costs from Plaintiffs with the present Motion.

2

and did not substantially obtain award or judgment in its favor, but the other party did not substantially obtain the relief it sought; or (iii) such party did not initiate the proceedings and the other party withdrew its claim or action without having substantially obtained the relief it sought.

DE 27-1 at 8.

Significantly, in her response to Defendant Seychelles' Motion, Defendant Fisher does not contest Defendant Seychelles' entitlement to attorney's fees and costs under this provision. DE 66 at 3 ("Tammy Fisher does not dispute that Seychelles is entitled to attorney's fees under the Bareboat Charter Agreement."). This Court also afforded Defendant Fisher an opportunity to file a surresponse to challenge Defendant Seychelles' entitlement to attorney's fees in light of recent case developments, DE 82, but Defendant Fisher did not file a surresponse. The Court finds that Defendant Seychelles is entitled to recover its reasonable attorney's fees and all of its costs from Defendant Fisher pursuant to the parties' Charter Agreement.

### III. Reasonable Hourly Rates

To determine reasonable attorney's fees, courts must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable hourly rate. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The attorney moving to receive his or her fees bears the burden of justifying the reasonableness of the requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of

3

reasonably comparable skill, experience and reputation."). Moreover, courts are considered experts on the matter of reasonable hourly rates for attorneys and may rely on their own knowledge and experience when determining a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

Here, Defendant Seychelles submitted billing records for five timekeepers: (1) Attorney Michael Moore, (2) Attorney Caycie Flitman (3) Attorney Madison Bode, (4) Paralegal Laura Wisman, and (5) Paralegal Rey Saenz. DE 60 at 11, 13. Each timekeeper's experience and requested hourly rate are included in the following table:

| Timekeeper | Hourly Rate | Experience |
|---|---|---|
| Attorney Michael Moore (Senior Partner) | $625 (2023) $675 (2024) | 40+ years |
| Attorney Caycie Flitman (Partner) | $450 | 12 years |
| Attorney Madison Bode (Associate) | $350 (2023) $375 (2024) | approximately 4 years |
| Paralegal Laura Wisman | $200 (2023) $210 (2024) | 30 years |
| Paralegal Rey Saenz | $150 (2023) $175 (2024) | 10 years |

*Id.* at 13; DE 60-2 at 2.

The evidence Defendant Seychelles provides to support the reasonableness of its timekeepers' hourly rates is limited. In an affidavit attached to the Motion for Attorney's Fees, Attorney Moore states that thirteen years ago his hourly rate of $425 was approved as reasonable

4

and that his hourly rate has only gone up since then. DE 60-2 ¶¶ 5–6. Attorney Moore further notes

that a court within the Southern District recently found that the timekeepers' current hourly rates

were reasonable. *Id.* ¶ 7; *see also RMK Merrill Stevens LLC v. Monaco*, No. 22-CV-23210, 2024

WL 384655, at *3 (S.D. Fla. Jan. 8, 2024) (finding 2023 hourly rates of $625 for senior partners,

$500 for partners, $350–$450 for associates, $175–$200 for senior paralegals, and $150 for

paralegals to be reasonable), *report and recommendation adopted*, No. 22-23210-CV, 2024 WL

379948 (S.D. Fla. Feb. 1, 2024). Outside of that one case, however, Defendant Seychelles does

not provide any other cases where a court found the hourly rates requested by Attorney Moore or

the other timekeepers here to be reasonable. Nonetheless, Defendant Fisher does not contest the

hourly rates sought by Defendant Seychelles. *See* DE 66 (challenging only the total amount of

requested fees and costs as unreasonable). And after a review of other hourly rates found to be

reasonable within this District, the Court determines that the hourly rates Defendant Seychelles

requests for its timekeepers are reasonable, except for the rates Defendant Seychelles seeks for

Paralegals Wisman and Saenz.

Beginning with Attorney Moore, the Court concludes that an hourly rate of $625 is in line

with the reasonable hourly rates generally found within this District for attorneys of comparable

experience. *See, e.g.*, *Alper Auto., Inc. v. Day to Day Imps., Inc.*, No. 18-81753-CIV, 2022 WL

3904327, at *3–4 (S.D. Fla. July 26, 2022) (finding $625 hourly rate reasonable for attorney with

41 years of experience); *Roche Diagnostics Corp. v. Surplus Diabetic, Inc.,* No. 19-CV-61469,

2020 WL 8082367, at *7 (S.D. Fla. July 6, 2020) (noting courts in this District have found hourly

rates of $625 and $675 to be reasonable for partners at top law firms and finding $625 hourly rate

reasonable for partner with 15 years of experience), *report and recommendation adopted sub nom.*

*Roche Diagnostics Corp. v. Amexpo Int'l, LLC*, No. 19-CIV-61469-RAR, 2020 WL 8079821 (S.D.

Fla. July 21, 2020); *Celsius Holdings, Inc. v. A SHOC Beverage, LLC*, No. 21-80740-CV, 2022 WL 3568042, at *4 (S.D. Fla. July 19, 2022) (finding $625 and $700 hourly rates reasonable for partners). However, the Court does not find a $50 increase to Attorney Moore's 2024 hourly rate to be reasonable. Defendant Seychelles has not provided this Court with any authority supporting the reasonableness of a $50 increase in an attorney's hourly rate from one year to the next. Therefore, the Court only recommends awarding Defendant Seychelles based on Attorney Moore's 2023 hourly rate of $625.

Moving on to Attorney Flitman, the Court finds a $450 hourly rate to be in line with the reasonable hourly rates generally found within this District for attorneys with comparable experience. *See, e.g.*, *Acuna v. Med.-Com. Audit, Inc.*, No. 21-CV-81256, 2022 WL 1222693, at *2 (S.D. Fla. Apr. 26, 2022) (finding $450 hourly rate reasonable for attorney with 12 years of experience), *report and recommendation adopted*, No. 9:21-CV-81256-WPD, 2022 WL 1597814 (S.D. Fla. May 20, 2022). As for Attorney Bode, the Court finds a $350 hourly rate to also be in line with the reasonable hourly rates generally found within this District for attorneys with comparable experience. *See, e.g.*, *Hernandez v. Scottsdale Ins. Co.*, No. 21-CV-20687-JLK, 2023 WL 5939635, at *2 (S.D. Fla. Aug. 28, 2023) (finding $350 hourly rate reasonable for associate with 5 years of experience), *report and recommendation adopted*, No. 1:21-CV-20687-JLK, 2023 WL 5932920 (S.D. Fla. Sept. 12, 2023); *Gulf Bldg., LLC v. Phila. Indem. Ins. Co.*, No. 22-CV-60573, 2024 WL 309026, at *5, 7 (finding $350 hourly rate reasonable for associate with 5 years of experience), *report and recommendation adopted sub nom. Gulf Bldg., LLC v. Phila. Indem. Ins. Co.*, No. 22-CV-60573-RAR, 2024 WL 307623 (S.D. Fla. Jan. 26, 2024). The Court need not determine whether the $25 increase to Attorney Bode's 2024 hourly rate is reasonable because, as discussed below, the Court does not find any hours billed by Attorney Bode to be reasonable.

Lastly, the Court finds the hourly rates of $150 for Paralegal Saenz and $200 for Paralegal Wisman to be out of line with the reasonable hourly rates generally found for paralegals within this District. From the Court's own knowledge and review of hourly rates recently found for paralegals within this District, the Court concludes that courts generally only find hourly rates between $100 to $150 to be reasonable for paralegals, with an hourly rate of $150 reserved as the highest amount for paralegals with considerable experience. *See, e.g.*, *Minden Pictures, Inc. v. SEPI Mktg. Corp.*, No. 0:22-CV-62135-KMM, 2023 WL 7490765, at *3 (S.D. Fla. Aug. 23, 2023) (noting "in this District hourly rates of $125.00 are typically found reasonable when assessing time billed by paralegals" and finding $125 hourly rates reasonable for paralegal with 28 years of experience); *Gulf Bldg., LLC*, 2024 WL 309026, at *5, 7 (finding $125 hourly rate reasonable for paralegals with 10, 13, and 23 years of experience); *Centennial Bank v. M/V "Why Not"*, No. 22-CV-22883, 2024 WL 3072041, at *6 (S.D. Fla. Mar. 6, 2024) (finding $100 and $125 hourly rates to be "more in-line with paralegal hourly rates approved by Courts in this District"), *report and recommendation adopted sub nom. Centennial Bank v. M/V Why Not*, No. 22-22883-CIV, 2024 WL 3070755 (S.D. Fla. June 20, 2024); *Venus Concept USA, Inc. v. Wilson*, No. 21-CV-21656-JEM, 2024 WL 1077347, at *5 (S.D. Fla. Feb. 22, 2024) (finding $150 hourly rate for paralegal with 17 years of experience to be reasonable and "consistent with hourly rates typically awarded to paralegals in this District"); *Massive Transit Transp., LLC v. Atl. Coast Auto., Inc.*, No. 0:23-CV-61321, 2024 WL 693061, at *5 (S.D. Fla. Jan. 31, 2024) (finding by this Court that $150 hourly rate was reasonable for paralegal with 25 years of experience), *report and recommendation adopted*, No. 23-CV-61321-ROSENBERG, 2024 WL 691425 (S.D. Fla. Feb. 20, 2024). Accordingly, for both 2023 and 2024, the Court finds an hourly rate of $125 to be reasonable for Paralegal Saenz and a $150 hourly rate to be reasonable for Paralegal Wisman.

### IV. Tasks Unrelated to Defendant Fisher's Cross-Claims

Before delving into an analysis of the hours reasonably expended by Defendant Seychelles' timekeepers, the Court first addresses Defendant Fisher's only opposition to Defendant Seychelles' Motion. Defendant Fisher contends that she should not be held liable for the entirety of Defendant Seychelles' requested attorney's fees because Defendant Seychelles' timekeepers do not differentiate between time spent defending against Plaintiffs' claims and time spent to defend against her claims. DE 66 at 3–4.[3] In response, Defendant Seychelles correctly points out that Defendant Fisher does not provide any authorities to support her position or point to any specific billing entries that were for time spent exclusively to defend against Plaintiffs' claims. DE 67 at 3. Nevertheless, Defendant Seychelles, as the movant, bears the burden of demonstrating the reasonableness of the hours expended. *See Tran v. Nomad Grp. LLC*, No. 8:20-CV-1945-CEH-SPF, 2022 WL 20054158, at *3 (M.D. Fla. Nov. 18, 2022) ("The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable."), *report and recommendation adopted*, No. 8:20-CV-1945-CEH-SPF, 2023 WL 3560538 (M.D. Fla. May 19, 2023).

To support its contention that it can recover fees for all the time its timekeepers billed in this litigation, Defendant Seychelles argues that Defendant Fisher's cross-claims were based on the same set of facts as Plaintiffs' claims and that Defendant Fisher's cross-claims also required it to defend itself against Plaintiffs' allegations of negligence. DE 67 at 3. Having issued a Report and Recommendation on Defendant Seychelles' motion to dismiss Plaintiffs' Complaint and motion to dismiss Defendant Fisher's cross-claims, DE 41, the Court is intimately familiar with

---

[3] In its reply, Defendant Seychelles contends Defendant Fisher's response in opposition should be stricken as untimely because her response was late by two days. DE 67 at 2. Since Defendant Fisher's response was only late by two days, the Court does not recommend striking Defendant Fisher's response and finding her in default.

the facts, allegations, and issues of this litigation. Given this familiarity, the Court concludes that there was a considerable overlap between Plaintiffs' Complaint and Defendant Fisher's cross-claims, such that at least some of the time Defendant Seychelles spent defending itself against Plaintiffs' Complaint was likely necessary to defend itself against Defendant Fisher's cross-claims.

That being said, without any authorities to the contrary from Defendant Seychelles, the Court concludes that it would be unreasonable to require Defendant Fisher to pay for work Defendant Seychelles' timekeepers did on matters that were unrelated and not reasonably attributable to Defendant Fisher's cross-claims. *See Schalamar Creek Mobile Homeowner's Ass'n. v. Adler*, No. 8:19-CV-291-TPB-AEP, 2022 WL 4471791, at *8 (M.D. Fla. Aug. 11, 2022) (recommending across-the-board reduction to fee award to account for, inter alia, "hours unrelated to entitled fees"), *report and recommendation adopted sub nom. Atwood v. Adler*, No. 8:19-CV-291-TPB-AEP, 2022 WL 4464839 (M.D. Fla. Sept. 26, 2022); *Dream Custom Homes, Inc. v. Mod. Day Constr., Inc.*, No. 8:08-CV-1189-T-17AEP, 2013 WL 393916, at *5 (M.D. Fla. Jan. 8, 2013) (finding fee award should be reduced to account for hours billed on unrelated case), *report and recommendation adopted*, No. 8:08-CV-1189-T-17AEP, 2013 WL 394014 (M.D. Fla. Jan. 31, 2013); *Opus Grp., LLC v. Int'l Gourmet Corp.*, No. 11-23803-CIV, 2013 WL 12383485, at *8 (S.D. Fla. July 26, 2013) (recommending across-the-board reduction to account for moving party's inability to separate out time spent on claims that the party could not recover fees for and claims that the party could recover fees for).

Although this is difficult for the Court to discern, the Court has identified some billing entries covering work that was unrelated to Defendant Fisher's cross-claims. For example, Attorney Flitman billed numerous hours for drafting the motion to dismiss Plaintiffs' Complaint. *See* DE 60-1 at 50–51. The Court recognizes that the legal and factual issues underlying Defendant

Seychelles' motion to dismiss Plaintiffs' Complaint and motion to dismiss Defendant Fisher's cross-claims were substantially similar and thus likely necessitated the same or similar research. However, the Court cannot see how the actual act of drafting the motion to dismiss Plaintiffs' Complaint was related to Defendant Fisher's cross-claims. This point is further evidenced by Attorney Flitman also billing numerous hours for drafting the motion to dismiss Defendant Fisher's cross-claims, *see id.* at 51–52, which would be redundant if the work was the same or substantially similar. In addition to Attorney Flitman, Paralegal Wisman also billed for matters unrelated to Defendant Fisher's cross-claims. For instance, Paralegal Wisman billed for examining Defendant Seychelles' motion to dismiss Plaintiffs' Complaint, examining Plaintiffs' motion for extension of time to respond to Defendant Seychelles' motion to dismiss, and reviewing/finalizing Defendant Seychelles' reply to Plaintiffs' response to Defendant Seychelles' motion to dismiss. *See id.* at 45–46. Lastly, Attorney Moore also billed for matters unrelated to Defendant Fisher's cross-claims. *See id.* at 41 (October 7, 2023 and October 12, 2023 billing entries for reviewing motion to dismiss Plaintiffs' Complaint).

Thus, the Court finds that Defendant Seychelles' timekeepers billed for tasks that are unrelated to Defendant Fisher's cross-claims. And given the billing entries which both clearly describe the task completed and are unrelated to Defendant Fisher's cross-claims, the Court finds it reasonable to question whether more ambiguous billing entries were also unrelated to Defendant Fisher's cross-claims. By way of example, Attorney Moore's billing entries include "[t]elecon with clients; decision for further handling" and "[p]repare for further handling of matter."[4] *Id.* at 42.

---

[4] When offering these billing entries as examples, the Court does not necessarily find them to be unrelated to Defendant Fisher's cross-claims. Rather, the Court merely offers these billing entries as an illustration of the difficulty arising from determining whether less descriptive and definitive billing entries cover work unrelated to Defendant Fisher's cross-claims, given that the Court has already found that the timekeepers billed for work unrelated to Defendant Fisher's cross-claims.

Given the lack of clarity as to the subject matter of Attorney Moore's discussion or what Attorney Moore prepared to do, the Court cannot determine whether such work was related to Defendant Fisher's cross-claims. Accordingly, to account for this uncertainty and the billing entries which are unrelated to Defendant Fisher's cross-claims, the Court factored in these considerations when determining and recommending the percentage of the across-the-board reductions for Attorney Moore's, Attorney Flitman's, and Paralegal Wisman's total hours, as discussed below.

<h3 align="center">V. Hours Reasonably Expended</h3>

After determining a reasonable hourly rate, the second step of the "lodestar" method is to arrive at the total hours reasonably expended. *Norman*, 836 F.2d at 1301. Litigants are required to exercise billing judgment and are to exclude excessive, redundant, or otherwise unnecessary hours from their billing affidavits. *See id.* Ultimately, when reviewing fee applications, courts "need not, and indeed should not, become green-eyeshade accountants," as the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

After reviewing the timekeepers' billing entries, the Court has identified numerous issues, which are detailed in greater depth in the analysis for each timekeeper. First, as previously discussed, the Court finds that Attorney Moore, Attorney Flitman, and Paralegal Wisman either billed or potentially billed for tasks done in response to Plaintiffs' Complaint that are unrelated to Defendant Fisher's cross-claims. Second, Attorney Moore's billing entries are vague. Third, Attorney Flitman's and Paralegal Wisman's billing entries contain block billing. Fourth, Attorney Bode's billing entries do not indicate any distinct contribution to this litigation. And finally, Paralegal Wisman and Saenz primarily billed for clerical work.

As a result of these issues, the Court finds that the total hours for all of Defendant Seychelles' timekeepers are unreasonably high. To remedy this problem, the Court has two

11

options: (1) it can conduct an hour-by-hour analysis of each timekeeper's billing entries, or (2) it can employ an across-the-board reduction. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."). Importantly, the Court can only reduce a timekeeper's total hours by utilizing one method; it cannot use both methods. *Id.* at 1351. Since Attorney Moore's, Attorney Flitman's, and Paralegal Wisman's billing entries are voluminous, the Court elects to employ an across-the-board reduction to reduce their total hours. *See Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1094 (11th Cir. 2022) (noting courts can utilize across-the-board reduction where the "fee application is voluminous" and the court finds the number of hours claimed to be unreasonably high). But because Attorney Bode's and Paralegal Saenz's billing entries are limited, the Court elects to engage in an hour-by-hour analysis of their total hours.

### A. Attorney Moore

Attorney Moore billed for a total of 53.9 hours. DE 60-1 at 43. A persistent problem with Attorney Moore's billing entries is his inclusion of "etc." in all but one billing entry. *See, e.g.*, *id.* at 41 (billing entry for 1 hour to "Review issues; review insurance issues; etc."). The Court has no way to determine what "etc." includes, how many hours Attorney Moore dedicated to "etc.," and whether "etc." includes non-recoverable work. Consequently, Attorney Moore's billing records are vague and prevent this Court from reviewing the reasonableness of Attorney Moore's total hours billed. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 n.12 (1983) ("[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.").

To illustrate the difficulty Attorney Moore's inclusion of "etc." in his billing entries causes this Court, Attorney Moore billed 1.3 hours on November 28, 2023, to review Judge Williams' paperless Order referring Defendant Seychelles' motion to dismiss to the undersigned and "etc." DE 60-1 at 42. A one-paragraph paperless Order clearly does not necessitate anywhere near 1.3 hours to review, so the Court must assume that most, if not all, of the 1.3 hours billed were for "etc." Additionally, Attorney Moore billed .9 hours on September 25, 2023, to review "response date" and "etc." *Id.* at 41. Reviewing a "response date" should not take nearly an hour, so the Court again has to presume that the majority, if not all, of the .9 hours billed were for "etc." But on October 16, 2023, Attorney Moore billed 1 hour to prepare an answer and cross-claim, review Defendant Fisher's answer, and "etc." *Id.* Preparing an answer and reviewing Defendant Fisher's answer could reasonably have taken Attorney Moore 1 hour. However, given Attorney Moore's other billing entries discussed above, the Court cannot know for certain how much time Attorney Moore dedicated to those tasks or to "etc."

Furthermore, Attorney Moore either billed or might have billed for tasks unrelated to Defendant Fisher's cross-claims. For instance, on October 7, 2023, and October 12, 2023, before Defendant Fisher filed her answer and cross-claims, Attorney Moore billed a total of 2 hours to "Review Motion to Dismiss; etc." *Id.* The Court cannot see how time spent reviewing Defendant Seychelles' motion to dismiss Plaintiffs' Complaint is related or reasonably attributable to Defendant Fisher's cross-claims. Additionally, Attorney Moore billed for in-house conferrals and meetings. *See id.* But without a more detailed description of what those conferrals or meetings entailed, the Court cannot know whether the entirety of the hours billed for those conferrals or meetings are related to Defendant Fisher's cross-claims.

Accordingly, to account for the vagueness of Attorney Moore's billing records caused by his inclusion of "etc.," the hours billed that are unrelated to Defendant Fisher's cross-claims, and the possibility that Attorney Moore billed for tasks unrelated to Defendant Fisher's cross-claims, the Court recommends an across-the-board reduction of 20% to Attorney Moore's total billing hours. As such, the Court recommends and finds 43.12 hours billed by Attorney Moore to be reasonable (53.9 x .8 = 43.12).

### B. Attorney Flitman

Attorney Flitman billed for a total of 134.15 hours. *Id.* at 57. As an initial matter, the Court finds 134.15 hours to be unreasonably high, given the four other timekeepers assigned to this litigation and the fact that Defendant Seychelles' substantive involvement in this litigation lasted only 8 months and included only one substantive motion in response to Defendant Fisher's cross-claims. *See* DE 1 (Plaintiffs' Complaint filed July 3, 2023); DE 42 (Judge Williams' March 5, 2024 Order dismissing Defendant Fisher's cross-claims against Defendant Seychelles). Turning to the substance of Attorney Flitman's billing entries, the Court's ability to determine the reasonableness of Attorney Flitman's total hours is hindered by Attorney Flitman's block billing.

Block billing occurs when multiple distinct tasks are grouped within the same time entry. *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). Courts disfavor this billing practice because it prevents a court from evaluating the amount of time a timekeeper spent on a specific task, which in turn prevents a court from determining the reasonableness of the time spent on that task. *See, e.g.*, *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) ("Block-billing prevents the Court from evaluating whether or not the attorney or paralegal spent a reasonable amount of time, in the exercise of good 'billing judgment' on a task."); *CodeVentures, LLC v. Vital Motion Inc.*, No. 20-CV-21574, 2021 WL

14

7598708, at *6 (S.D. Fla. Oct. 19, 2021) (noting difficulties arising from block billing and that courts "regularly reduce hours when attorneys engage in blockbilling"), *report and recommendation adopted*, No. 20-21574-CIV, 2022 WL 845131 (S.D. Fla. Mar. 22, 2022). To remedy the issues occasioned by block billing, courts often employ an across-the-board reduction. *See, e.g.*, *Prince v. Marson*, No. 8:19-CV-549-T-35AAS, 2020 WL 1891191, at *2 (M.D. Fla. Apr. 16, 2020) (noting that the Eleventh Circuit has approved across-the-board reductions for block billing); *Off. of the Att'y Gen. v. Moving & Storage Acct. Inc.*, No. 18-CV-63144, 2020 WL 5217183, at *4 (S.D. Fla. Aug. 14, 2020) (recommending across-the-board reduction for block billing), *report and recommendation adopted*, No. 18-CIV-63144-RAR, 2020 WL 5215151 (S.D. Fla. Aug. 31, 2020); *Ceres Env't Servs., Inc.*, 476 F. App'x at 203 ("Courts have also approved across-the-board reductions in block-billed hours to offset the effects of block billing.").

Here, Attorney Flitman block billed on numerous occasions. *See, e.g.*, DE 60-1 at 49 (billing entry on September 15, 2023, to: (1) review Complaint and attachments, (2) commence review of documents provided by client, (3) confer with Plaintiffs' counsel regarding extension of time, (4) conduct legal research, and (5) brief legal research); *id.* at 50 (billing entry on September 18, 2023, to: (1) conduct legal research, (2) continue reviewing Complaint and client documents, (3) draft motion for extension of time and proposed order, (4) conduct additional legal research, (5) email opposing counsel, and (6) conduct additional research); *id.* at 51 (billing entry on October 23, 2023, to: (1) review initial disclosures, (2) confer with clients regarding status of the matter, (3) email request for extension of time, (4) attend telephone conference, (5) confer in-house, and (6) email client regarding service of process). Additionally, as previously discussed, Attorney Flitman billed for work that is unrelated to Defendant Fisher's cross-claims. *See id.* at 49–50 (billing entries by Attorney Flitman for conferring, drafting, and revising a motion for extension

of time to respond to Plaintiffs' Complaint and drafting the motion to dismiss Plaintiffs' Complaint). And Attorney Flitman also billed for in-house discussions about discovery, preparing for meetings with clients, in-house conferrals regarding "the matter," and drafting discovery responses. *See, e.g.*, *id.* at 52–53. Without a more detailed description of what these tasks entailed, the Court cannot determine whether the time billed for these tasks is related to Defendant Fisher's cross-claims.

Accordingly, due to the strikingly high number of hours billed, the block billing, the hours billed for work unrelated to Defendant Fisher's cross-claims, and for the possibility that Attorney Flitman billed for tasks not related to Defendant Fisher's cross-claims, the Court recommends a 40% across-the-board reduction to Attorney Flitman's total hours billed, resulting in a finding of 80.49 hours reasonably expended by Attorney Flitman (134.15 x .6 = 80.49).

### C. Attorney Bode

Attorney Bode billed for a total of 2.65 hours. *Id.* at 44. After reviewing Attorney Bode's nine billing entries, the Court concludes that none of the hours billed by Attorney Bode are reasonable. Attorney Bode did not bill any hours to review pleadings or briefing, draft documents, or perform research. Instead, Attorney Bode exclusively billed for discussions with other timekeepers about the case, and other courts have found that such work should be excluded from a fee award for multiple attorneys. *See Korman v. Iglesias*, No. 18-21028-CV, 2019 WL 2142521, at *5 (S.D. Fla. Apr. 4, 2019) ("We will also exclude from the fee award the time billed by both attorneys spent 'discussing' the case at hand. Many times, the billing records show both attorneys engaging in 'telephone conferences' with each other to discuss the case, or 'reviewing' plans [for] some future action. This time must also be excluded from the fee award." (citation omitted)), *report and recommendation adopted*, No. 18-21028-CIV, 2019 WL 2141655 (S.D. Fla. Apr. 25, 2019);

*see also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) ("With so many cooks making the broth, the need for internal conferences to keep everyone on the same recipe rises dramatically and undermines the reasonableness of those billings."). This Court agrees that such work should not be included in the fee award here, especially when the Court cannot discern Attorney Bode's distinct contribution to this litigation. *See Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) ("An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."). Accordingly, the Court finds no hours billed by Attorney Bode to be reasonable.

### D. Paralegal Wisman

Paralegal Wisman billed for a total of 65.32 hours, DE 60-1 at 44–49, and the Court has identified three issues with Paralegal Wisman's billing records. First, Paralegal Wisman block billed. As an example, Paralegal Wisman submitted one billing entry on September 29, 2023, containing the following tasks: (1) examining summons, (2) updating client file, (3) reviewing/revising calendar deadlines, (4) calendaring deadlines, (5) updating client file again, (6) finalizing and filing notice of appearance for Attorney Moore, and (7) updating client file for a third time. *Id.* at 45. Second, Paralegal Wisman overwhelmingly billed for non-recoverable, clerical tasks. The following are a sample of the clerical tasks that Paralegal Wisman billed for: downloading pleadings, updating client files, calendaring deadlines, e-filing, reviewing calendar deadlines, reviewing the docket, producing reports of deadlines, and removing deadlines. *See, e.g.*, *id.* at 44–49. Litigants may not recover fees for tasks which are purely clerical or secretarial in nature. *See Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-CV-62311, 2023 WL 6930685, at *2 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-CV-62311-RAR, 2023 WL

6908985 (S.D. Fla. Oct. 19, 2023); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at

*2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or

training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars,

and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs

them." (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999))). This rule applies

regardless of whether the clerical work was done by an attorney or a paralegal. *See Gowen Oil Co.

v. Abraham*, 511 F. App'x 930, 936 (11th Cir. 2013) ("Fees for paralegal work are recoverable to

the extent that the paralegal performs work traditionally done by an attorney." (quotation marks

omitted)); *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.,* No. 18-CV-81689, 2021 WL

3361172, at *12 (S.D. Fla. Jan. 12, 2021) ("The general rule regarding work performed by

paralegals is that where the work performed is that normally performed by an attorney, paralegal

time may be included as part of an award of attorney's fees. However, work that is clerical or

secretarial in nature is not separately recoverable." (citation and quotation marks omitted));

*Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LHP, 2024 WL 473775, at *22 (M.D. Fla.

Jan. 4, 2024) ("The undersigned agrees with Plaintiff that clerical work is not recoverable even

when performed by a paralegal."), *report and recommendation adopted*, No. 6:20-CV-1824-PGB-

LHP, 2024 WL 863117 (M.D. Fla. Feb. 29, 2024).

And finally, Paralegal Wisman billed for tasks that were unrelated to Defendant Fisher's

cross-claims, such as to "[e]xamine Motion for Extension of Time to File Response to Seychelles

Motion to Dismiss Complaint by [Plaintiffs]," "[f]inalize/revise Seychelles Reply to Plaintiffs'

response in Opposition to Seychelles Motion to Dismiss," and "[e]xamine Order Permitting

Surresponse from Plaintiffs to Defendant Seychelles Limited LLC's reply to Motion to Dismiss."

*See, e.g.*, DE 60-1 at 46–47. In light of these three issues, the Court recommends a 70% cut to

Paralegal Wisman's total hours billed, resulting in a finding of 19.6 hours reasonably expended by Paralegal Wisman (65.32 x .3 = 19.596). While this represents a significant reduction, the Court finds a 70% reduction warranted based on the billing deficiencies discussed above. *See United States v. Habana Hosp. Pharmacy, Inc.*, No. 17-CV-80871, 2023 WL 5611906, at *13 (S.D. Fla. Aug. 7, 2023) (recommending 70% across-the-board reduction to account for, inter alia, block billing and billing for clerical work), *report and recommendation adopted*, No. 17-80871-CIV, 2023 WL 5608004 (S.D. Fla. Aug. 30, 2023); *Scotlynn USA Div., Inc. v. Titan Trans Corp.*, No. 2:18-CV-521-JLB-NPM, 2023 WL 6307215, at *6 (M.D. Fla. Sept. 28, 2023) (adopting recommendation of 80% across-the-board reduction that accounted for block billing, clerical work, and billing for work done on claims the party was not entitled to recover fees for).

### E. Paralegal Saenz

Paralegal Saenz billed for a total of 17.5 hours. DE 60-1 at 43–44. After reviewing Paralegal Saenz's five billing entries, the Court finds that Paralegal Saenz's billing records suffer from similar deficiencies as Paralegal Wisman's billing records. Namely, Paralegal Saenz block billed and primarily billed for clerical work. As an example of block billing, Paralegal Saenz billed 1 hour on April 1, 2024, to: "Confer in house regarding Defendant's Motion for Attorney's fees; review Motion for Attorney's Fees; prepare exhibits; provide Attorney with finalized motion and exhibits." *Id.* at 44. And regarding billing for clerical work, almost all of Paralegal Saenz's billing hours were for Bates stamping documents, which is a non-recoverable, clerical task. *See Agrico Can. Ltd. v. Helm Fertilizer Corp.*, No. 8:08-CV-2132-T-33EAJ, 2010 WL 11651282, at *5 (M.D. Fla. July 1, 2010) (finding preparation of documents for production, conferring about preparing documents for production, and Bates stamping documents to be "clerical or secretarial in nature"); *Raymond James & Assocs., Inc. v. Terran Orbital Corp.*, No. CV 20-MC-80718, 2020 WL

5367319, at *3 (S.D. Fla. Sept. 8, 2020) ("[T]he time records include administrative tasks, such as e-filing documents and inserting Bates stamps . . . .").

Accordingly, the Court recommends reducing Paralegal Saenz's total hours as follows. First, the Court recommends deducting 15 hours from Paralegal Saenz's total hours to account for clerical work billed on January 9, 10, and 17, 2024. *See* DE 60-1 at 43 (billing entry on January 9, 2024, for 5 hours to "[c]onfer in house regarding bates stamping documents to produce to opposing counsel; Review documents; begin bate-stamping documents"; billing entry on January 10, 2024, for 6 hours to "[c]ontinue working on bates stamping documents; rename file with bate stamp numbers"; billing entry on January 17, 2024, for 4 hours to "[f]inalize renaming bate stamp documents; review and organization of documents for Attorney review"). Second, the Court recommends deducting half-an-hour from Paralegal Saenz's total hours billed to account for clerical work that is block-billed with non-clerical work, thus preventing the Court from determining how much time Paralegal Saenz spent on clerical or non-clerical work. *See id.* at 44 (billing entry on April 1, 2024, for 1 hour to "[c]onfer in house regarding Defendant's Motion for Attorney's Fees; review Motion for Attorney's Fees; prepare exhibits; provide Attorney with finalized motion and exhibits"). After these deductions, the Court recommends and finds 2 hours billed by Paralegal Saenz to be reasonable (17.5-15.5=2)

**VI. Lodestar Calculation**

The Court utilizes the following table to calculate the lodestar amount for each timekeeper:

| Timekeeper | Reasonable Hourly Rate | Reasonable Hours Expended | Lodestar Amount |
|---|---|---|---|
| Attorney Moore | $625 | 43.12 | $26,950 |
| Attorney Flitman | $450 | 80.49 | $36,220.50 |
| Attorney Bode | $350 | 0 | $0 |

| | | | |
|---|---|---|---|
| Paralegal Wisman | $150 | 19.6 | $2,940 |
| Paralegal Saenz | $125 | 2 | $250 |

Accordingly, the Court recommends awarding Defendant Seychelles $66,360.50 in attorneys' fees.

## VII. Costs Award

Defendant Seychelles seeks to recover costs of $998.47. DE 60 at 3. The records attached to Defendant Seychelles' Motion indicate the following costs:

(1) $91.56 for "Lexis Legal Research" on September 29, 2023;

(2) $6.20 for "Pacer Online Research/Document Retrieval" on October 31, 2023;

(3) $132.69 for "Lexis Legal Research" on October 31, 2023;

(4) $36.17 for "Lexis Legal Research" on November 30, 2023;

(5) $312.18 for "Lexis Legal Research" on December 29, 2023;

(6) $276.93 for "Lexis Legal Research" on January 31, 2024;

(7) $44.75 for "Travel Expense, Caycie Flitman, to attend survey" on January 25, 2024; and

(8) $97.99 for "Lexis Legal Research" on April 2, 2024.

DE 60-1 at 5, 10, 15, 19, 28, 32, 40.

As previously mentioned, the Charter Agreement between Defendant Fisher and Defendant Seychelles permits the recovery of "all other expenses incurred in such arbitration or litigation by the prevailing party, even if not taxable as court costs." DE 27-1 at 8. Therefore, the Court recommends an award of $998.47 in costs to Defendant Seychelles. *See TYR Tactical, LLC v. Productive Prod. Enters., LLC*, No. 15-CIV-61741, 2018 WL 3110799, at *16 (S.D. Fla. Apr. 11, 2018) (explaining that parties can contract for an award of costs, including costs that are not

normally taxable), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Prod. Enters., LLC*, No. 15-CV-61741, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018).

## VIII. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Defendant Seychelles' Motion for Attorney's Fees [DE 60]. Specifically, the Court recommends awarding Defendant Seychelles $66,360.50 in attorneys' fees and $998.47 in costs for a total award of $67,358.97.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 16th day of August, 2024.

_____

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE